SAM WILLIAMS v. STATE OF NORTH CAROLINA.

(Filed 20 January, 1967.)

**1. Criminal Law § 131—**

Where, upon the second trial, granted upon post-conviction hearing, defendant is sentenced to serve the maximum term, he must be allowed credit for the time actually served plus gained time, if any, under the first conviction.

**2. Same—**

Defendant is not entitled to credit for time spent while in custody in default of bond awaiting a second trial granted on a post-conviction hearing.

**3. Criminal Law §§ 26, 173—**

The record *held* not to support defendant's contention that a new trial was ordered over his objection upon his post-conviction hearing.

ON *Certiorari* to review the denial of a writ of *habeas corpus* by *Campbell, J.,* at the 7 November, 1966 Conflict "C" Criminal Session of MECKLENBURG Superior Court.

The defendant was convicted of larceny from the person of $200 at the February Term, 1963, and was sentenced to serve two years. He gave notice of appeal but did not perfect it, and entered upon the service of the prison sentence. He was later awarded a new trial because he had not been represented by counsel.

Upon the re-trial at the July 1963 Term he was again convicted and was then sentenced to serve a ten-year prison term. Upon appeal to this Court the latter trial was upheld. *(S. v. Williams,* 261 N.C. 172, 134 S.E. 2d 163.) He has since sought relief in various applications for post conviction hearings and *habeas corpus.* His last hearing was in *habeas corpus* proceedings in which he seeks credit for the time served on the first sentence and the time spent in jail awaiting his second trial. He further complains that his second sentence far exceeded that first imposed. Upon failure to obtain any relief in the Superior Court he sought *certiorari* to this Court and it was allowed.

*George S. Daly, Jr., counsel for petitioner.*

PER CURIAM. The defendant here seeks credit for the time served on the first judgment to apply on his present sentence. Since the maximum sentence permissible is ten years, he is entitled to this and the prison authorities are directed to allow him proper credit for time actually served plus gained time, if any, for good behavior. *S. v. Weaver,* 264 N.C. 681, 142 S.E. 2d 633.

The Clerk of the Supreme Court shall forward a certified copy of this opinion to each of the following: (1) Clerk of Superior Court of Mecklenburg County (2) North Carolina Prison Department, and (3) Williams.

The petitioner further claims that he is entitled to credit for the time spent while in custody in default of bond awaiting his second trial. This claim is denied under the authority of *S. v. Weaver, supra.*

The defendant now claims that he did not seek a second trial, but the record does not support him. This claim was not urged in his previous case on appeal. Also, the order resulting in his second trial recited that "he sought a new trial" and orders that he "be granted a new trial". No objection was taken at the time and his present position appears to be an afterthought.

The previous appeal disposed of the other matters sought to be presented.

Modified and affirmed.