STATE OF NORTH CAROLINA v. JAMES EDWIN HOPPER.

(Filed 27 September, 1967.)

Criminal Law § 138—

   Punishments within the statutory maximums cannot constitute cruel and unusual punishment.

APPEAL by defendant from *McLean, J.,* 23 January 1967, Regular one-week Mixed Sessions, Superior Court of CLEVELAND County.

The defendant was charged with the forgery and uttering of two checks drawn on the account of Dr. L. Gene Yarboro with the Union Trust Co. of Shelby, N. C. One was in the sum of $87.43, the other for $78.34.

The defendant was fully apprised of his rights when arrested and then told the officers that he had bought a tire from Pendleton's Tire Store on the $87.43 check and got the balance of $72.93 in money.

He said he cashed the $78.34 check at the bank.

The State's evidence fully supported the charges.

When brought to trial, the judge carefully explained his rights to the defendant who then said that he understood the nature of the charges, that he had authorized his Court-appointed attorney N. Dixon Lackey, Jr., to enter pleas of guilty to them. He made a statement admitting his guilt in both cases, which was similar to the one previously made to the officers.

The State then offered evidence that the defendant had been convicted of forgery in 1964, and the larceny of an automobile in 1965, and was on probation for the latter charge at the time of trial.

The two cases were consolidated for judgment; and the Court pronounced prison sentences of not less than seven (7) nor more than ten (10) years for forgery, and not less than five (5) nor more than seven (7) years for uttering, to run consecutively. The defendant appealed.

*N. Dixon Lackey, Jr., Attorney for defendant appellant.*

*T. W. Bruton, Attorney General, and Harry W. McGalliard, Deputy Attorney General, for the State.*

PER CURIAM. The defendant's only assignment of error is that the prison sentences imposed constituted cruel and unusual punishment. Upon his pleas of guilty, he could have been given a total of forty years' imprisonment for the forgery and uttering of the two checks. G.S. 14-119 and G.S. 14-120.

With a record of two felony convictions in which, so far as the

present record shows, he received no active prison sentences, he could hardly hope for further slap-on-the-wrist treatment by the Court. The sentences pronounced herein, while severe, amount to only about a third of the time of imprisonment permissible under the defendant's pleas of guilty. We have held, frequently and repeatedly, that this does not constitute cruel and unusual punishment. *State v. Elliott,* 269 N.C. 683, 153 S.E. 2d 330, and many cases there cited.

This being the only ground upon which the defendant seeks relief, it is hereby denied.

Affirmed.