STATE v. WALLACE ELEE FOSTER.

(Filed 8 November, 1967.)

**1. Criminal Law § 138—**
    Where a judgment of imprisonment in excess of the statutory maximum is vacated on appeal, and, upon remand of the case for proper judgment, the defendant is sentenced to serve the maximum time, he must be allowed credit for the time actually served under the first judgment.

**2. Larceny § 10;  Constitutional Law § 36—**
    The statutory maximum of imprisonment for the larceny of goods of a value of $200 or less, a misdemeanor, is two years, and punishment within this maximum is not cruel or unusual in the constitutional sense.

APPEAL by defendant from *Johnston, J.,* 27 March 1967 Session of STANLY.

This is the second time this case has been before this Court. At the 28 March 1966 Session of Stanly County Superior Court the defendant was tried on an indictment containing three counts: The

first count charged defendant on 1 January 1966 with feloniously breaking and entering a building occupied by one Floyd Hinson with intent to steal the merchandise therein, a violation of G.S. 14-54; the second count charged defendant on the same day with the larceny of one electric battery charger, automobile tires and six cartons of cigarettes, of the value of more than $200, of the goods and chattels of Floyd Hinson; and the third count charged defendant on the same day with feloniously receiving stolen goods knowing them to have been previously stolen, taken, and carried away. The defendant pleaded not guilty. The court allowed a motion for judgment of nonsuit on the third count in the indictment of receiving stolen goods, knowing them to have been stolen. Verdict: Guilty as charged in the indictment. From a judgment of imprisonment for not less than 8 nor more than 10 years on the first count in the indictment, and from a judgment of imprisonment for not less than 5 nor more than 10 years on the second count in the indictment, the judgment on the second count to commence at the expiration of the sentence of imprisonment on the first count, defendant, by his court-appointed counsel, appealed. The appeal was heard at the Fall Term 1966 of this Court and is reported in 268 N.C. 480, 151 S.E. 2d 62. The result of the appeal, as stated in the opinion of the Court, was this: "Reversed as to the first count in the indictment. No error in the trial of the second count in the indictment, except as to the judgment, and the judgment imposed upon the verdict of guilty upon that count is vacated, and the case is remanded for a proper judgment on that count in the indictment for the larceny of the electric battery charger, a misdemeanor."

At the March 1967 Session of the Superior Court of Stanly County, Judge Walter E. Johnston, judge presiding, imposed a sentence of two years imprisonment on the count in the indictment charging the larceny of the electric battery charger, a misdemeanor, and from this sentence defendant appealed again to the Supreme Court by his court-appointed counsel.

*Attorney General T. W. Bruton, Assistant Attorney General George A. Goodwyn, and Assistant Attorney General Millard R. Rich for the State.*

*R. L. Brown, Jr., for defendant appellant.*

PER CURIAM. Defendant's first assignment of error reads: "The court erred in imposing the maximum statutory sentence of two years upon the misdemeanor charge of larceny, thus depriving the defendant of the benefit of that time in which he was imprisoned in

the State Prison from March 31, 1966 (date of commitment) to August 25, 1966, the date on which he was ordered by the court to be returned to the sheriff of Stanly County." The record shows this: On 31 March 1966 the office of the clerk of the Superior Court of Stanly County issued a commitment ordering the defendant to be committed to the State's prison to serve the sentences imposed at the March 1966 Session of court. Pursuant to this commitment, the defendant remained in the North Carolina prison system from 31 March 1966 through 25 August 1966, at which time Judge McConnell ordered the defendant to be returned to Stanly County and to be released on bond pending the result of his appeal to the Supreme Court.

It is apparent that when Judge Johnston sentenced defendant to serve the maximum two-year sentence for the larceny of the electric battery charger, he did not give him credit for the time served from 31 March 1966 through 25 August 1966. The Attorney General of North Carolina takes the position that the defendant should be given credit for the time served from 31 March 1966 through 25 August 1966. While the facts of this case are not on all-fours with *S. v. Weaver,* 264 N.C. 681, 142 S.E. 2d 633, and *Williams v. State,* 269 N.C. 301, 152 S.E. 2d 111, we think that those cases are highly apposite, and the principles there announced should control in this case. This assignment of error is sustained. The Prison Department is ordered forthwith to give this defendant credit on the two-year sentence imposed for the time that he served from 31 March 1966 through 25 August 1966.

Defendant assigns as error that the prison sentence of two years for larceny of the electric battery charger was cruel and unusual punishment and "within the prohibition of the Eighth Amendment to the Federal Constitution which applies to the States through the due process clause of the Fourteenth Amendment." Defendant in his brief states: "In view of many and recent decisions of the Supreme Court of North Carolina, appellant deems it unnecessary to pursue this assignment of error." This assignment of error is overruled. The statutory maximum of imprisonment for the larceny of the electric battery charger, a misdemeanor, was two years, and we have repeatedly held that such being the case it does not constitute cruel and unusual punishment. *S. v. Bruce,* 268 N.C. 174, 150 S.E. 2d 216; *S. v. Robinson,* 271 N.C. 448, 156 S.E. 2d 854; *S. v. Hopper,* 271 N.C. 464, 156 S.E. 2d 857.

The judgment below is

Modified and affirmed.