STATE OF NORTH CAROLINA v. WILLIAM ALEXANDER WALKER

No. 6914SC185

(Filed 30 April 1969)

**1. Rape § 18— assault with intent to commit rape — sufficiency of evidence**

In this prosecution for assault with intent to commit rape, defendant's motion for nonsuit should be allowed where the evidence tends to show only that defendant fondled the prosecutrix against her will but desisted when his fondling did not break down the resistance and refusal of the prosecutrix, the evidence failing to show, circumstantially or otherwise, that defendant intended at any time during the assault to have carnal knowledge of the prosecutrix at all events, notwithstanding any resistance on her part.

**2. Rape § 18— nonsuit of charge of assault with intent to commit rape — trial for assault on a female**

In a prosecution for assault with intent to commit rape, nonsuit of the felony charge does not entitle defendant to his discharge, since the State may put defendant on trial under the same indictment for assault on a female, defendant being a male over the age of 18. G.S. 14-33.

APPEAL by defendant from *Burgwyn, E.J.,* and a jury, 18 November 1968 Session, DURHAM County Superior Court.

William Alexander Walker (defendant), a thirty-nine-year old male, was charged under a proper bill of indictment with the felony of assault with the intent to commit rape. A plea of not guilty was entered by the defendant. The evidence on behalf of the State tended to show that the alleged offense was committed on 22 April 1968 upon Sheila Marion Benfield (prosecutrix) and that the defendant and prosecutrix were next door neighbors on North Guthrie Avenue in the City of Durham. The evidence further tended to show that, on the day in question, the prosecutrix was twelve years old; she was at home taking care of her seven-year-old brother, her four-year-old sister and two other four-year-old boys; the defendant and a woman companion came to the prosecutrix's house at about 10:00 a.m.; they asked the prosecutrix, who was on the porch, if she wanted to go to Roxboro with them; she answered in the negative and went into the house; the woman companion departed after the prosecutrix left the porch, but the defendant followed the prosecutrix into the house; and after the prosecutrix sat down on a couch in the living room, the defendant "tried to start messing with me and I told him to go on."

The prosecutrix testified that, while they were in the living room, the defendant was feeling of her breasts; she told him to quit;

but he kept on doing it, until he finally left the house. The prosecutrix further testified that about 1:00 p.m. the same day she and her brother and sister laid down on a bed to take a nap; she went to sleep; when she "woke up", the defendant was on top of her; she had on her dress; she got up and went into the bathroom; he followed her into the bathroom and "tried to start messing with me again"; he again felt of her breasts and rubbed his hands on her breasts and on her "bottom"; while in the bathroom, he told her, "you ain't going to tell on me, are you?", to which she said nothing; and the defendant then left. The defendant at no time used any force.

At the close of the State's evidence and again at the conclusion of all the evidence, the defendant moved for judgment as of nonsuit. He also moved that the case be submitted to the jury on the offense of assault on a female and not on the offense of assault with the intent to commit rape. The motions were denied and the case was submitted to the jury, which returned a verdict of guilty as charged. The trial court entered a judgment of imprisonment for a term of not less than five years or more than fifteen years. From the imposition of the sentence, the defendant appealed to this Court.

*Attorney General Robert Morgan, Trial Attorney William F. Briley and Staff Attorney Donald M. Jacobs for the State.*

*John C. Randall for defendant appellant.*

CAMPBELL, J.

[1] The question presented for determination is: Did the trial judge err in denying the defendant's motion for judgment as of nonsuit on the charge of assault with the intent to commit rape? The answer is in the affirmative.

In *State v. Gammons,* 260 N.C. 753, 133 S.E. 2d 649, the Supreme Court stated:

> "To convict a defendant on the charge of an assault with intent to commit rape the State must prove not only an assault but that defendant intended to gratify his passion on the person of the woman, and that he intended to do so, at all events, notwithstanding any resistance on her part. . . . It is not necessary to complete the offense that the defendant retain the intent throughout the assault, but if he, at any time during the assault, have an intent to gratify his passion upon the woman, notwithstanding any resistance on her part, the defendant would be guilty of the offense. . . . Intent is an attitude or emotion of

the mind and is seldom, if ever, susceptible of proof by direct evidence, it must ordinarily be proven by circumstantial evidence, i.e., by facts and circumstances from which it may be inferred. . . .

Assuming the truth of prosecutrix's testimony, as we must on the motion to nonsuit, defendant assaulted prosecutrix and intended to gratify his passion upon her person, but the evidence fails to show, circumstantially or otherwise, that he intended at any time during the assault to have carnal knowledge of her, at all events, notwithstanding any resistance on her part. Defendant was in his own home and his wife was in another room within earshot of any outcry. He did not threaten to do her violence if she refused to yield. When she threatened to scream he immediately desisted. It is true that he thumblatched the door, but this seems more consistent with the intent to avoid interruption in case he engaged in the act than any intent to imprison or restrain prosecutrix. He, himself, released the lock. He attempted to persuade her to yield by pretention that the sex act was a religious rite necessary to her cure. But his conduct did not show any intention to overcome her resistance by force and have the intercourse at all events."

Likewise, in this case, the evidence fails to show, circumstantially or otherwise, that the defendant intended at any time during the assault to have carnal knowledge of the prosecutrix at all events, notwithstanding any resistance on her part. The defendant made no threats and used no violence. He desisted when requested to do so and when his fondling did not break down the resistance and refusal of the prosecutrix. The conduct of the defendant did not show any intention to overcome resistance of the prosecutrix by force and to have intercourse at all events.

[2]    The trial judge erred in denying the defendant's motion for judgment as of nonsuit on the charge of assault with the intent to commit rape. However, he is not entitled to discharge. Since he is a male person over eighteen years of age, the State may put him on trial for the misdemeanor of assault on a female. G.S. 14-33. A new indictment is not necessary and he may be tried for the misdemeanor under the present bill of indictment. *State v. Gammons, supra.*

New trial.

MALLARD, C.J., and MORRIS, J., concur.