STATE OF NORTH CAROLINA v. WILLIAM ALEXANDER WALKER

No. 7014SC49

(Filed 1 April 1970)

1. **Criminal Law § 138—   credit on prison sentence — confinement awaiting trial**

   Defendant is not entitled to credit on his sentence for time spent in custody in lieu of bond while awaiting trial.

2. **Criminal Law § 138—   credit on prison sentence — confinement for mental evaluation**

   Defendant is not entitled to credit on his sentence for time spent in custody during a sixty day commitment to a state hospital for mental evaluation prior to trial.

3. **Criminal Law § 138—   credit on prison sentence — confinement pending appeal**

   Defendant is not entitled to credit on his sentence for time spent in

custody pending appeal prior to 22 April 1969, the effective date of Ch. 266, Session Laws of 1969.

**4. Criminal Law § 177— remand of cause for correction of judgment**

Where defendant was indicted for the felony of assault with intent to commit rape, and the judgment recites that defendant entered a plea of nolo contendere "as charged," but on prior appeal the Court of Appeals nonsuited the felony charge and directed that defendant could only be tried upon the lesser included misdemeanor offense of assault on a female, and the sentence imposed by the trial judge reflects that he was considering only the misdemeanor charge, the cause is remanded to the superior court for correction of the judgment to show that defendant entered a plea of nolo contendere to a charge of assault on a female.

APPEAL by defendant from *Bowman, J.,* 1 September 1969 Session, DURHAM Superior Court.

Defendant was originally arrested 22 April 1968 on a warrant charging assault with intent to commit rape. Defendant was immediately released on bond until his preliminary hearing on 7 May 1968. At the preliminary hearing probable cause was found and defendant was bound over to superior court to await grand jury action. New bond was set and defendant was held in custody from 7 May 1968 until 13 June 1968, at which time he was able to post the required appearance bond.

On 14 June 1968, the superior court, *ex mero motu,* committed defendant to Cherry Hospital for a period of sixty days for mental evaluation, after which he was again released on the appearance bond which had been posted.

On 20 November 1968 defendant was tried and convicted of the charge of assault with intent to commit rape, and was sentenced to a term of five to seven years in prison. Defendant gave notice of appeal and perfected his appeal to this court. Appearance bond was again set but defendant remained in custody from 20 November 1968 until 4 February 1969 at which time he posted the required appearance bond.

By opinion of this court filed on 30 April 1969 (*State v. Walker,* 4 N.C. App. 478, 167 S.E. 2d 18) defendant's conviction was reversed and a new trial ordered on the lesser included offense of assault on a female by a male person over the age of eighteen years.

On 2 September 1969 defendant entered a plea of nolo contendere in superior court to the charge of assault on a female, he being a male person (G.S. 14-33 as amended in 1969); and upon his plea was sentenced to a jail term of not less than three nor more than six months. Defendant moved the trial judge to allow him credit,

on the sentence imposed, for the time previously spent in custody in this prosecution. The motion was denied and defendant appealed.

*Attorney General Morgan, by Staff Attorney Shepherd, for the State.*

*John C. Randall for defendant.*

BROCK, J.

The Solicitor has stipulated with defendant as follows:

"1. That the Defendant-Appellant in this case was in custody from May 7, 1968 until June 13, 1968 in lieu of bond.

"2. That the Defendant-Appellant in this case was in custody from June 14, 1968 until August 14, 1968 under an order for mental and psychiatric observation.

"3. That the Defendant-Appellant in this case was in custody from November 20, 1968, the date of his first trial, until February 4, 1969, in lieu of bond pending his appeal."

Defendant argues and contends, therefore, that he is entitled to have his sentence credited with a total of 174 days represented by the time he has spent in custody in this prosecution.

[1] The time spent in custody, as represented by stipulations 1 and 2, involve time in custody before defendant's first trial; that is, time spent in custody awaiting trial. It seems that the opinion in *State v. Virgil,* 276 N.C. 217, 172 S.E. 2d 28, filed 30 January 1970, clearly disposes of defendant's contention. In *Virgil* Justice Huskins discussed *State v. Weaver,* 264 N.C. 681, 142 S.E. 2d 633, and thereafter held: "Thus North Carolina requires that credit be given for *time served* under a previous sentence for the same conduct but holds that a defendant is not entitled to credit for time spent in custody while awaiting trial."

[2] Defendant argues that nevertheless he is entitled to credit for the time spent in custody, without privilege of bond, during his sixty day commitment to Cherry Hospital for mental evaluation. We perceive no reason why defendant is entitled to credit for time under such commitment any more than a defendant confined, without privilege of bond, on a capital felony charge; such was the situation in *Virgil.* Defendant has cited to us the case of *Cephus v. United States* decided in 1967 by the U. S. Court of Appeals for the District of Columbia (389 F. 2d 317), as supporting his contention that he is entitled to credit for time spent under commitment for

mental evaluation. If it should be conceded that the federal court grounded its order on what it conceived to be a constitutional requirement, nevertheless we adhere to the reasoning and holding of the Supreme Court of North Carolina.

[3]    Defendant's contention with respect to the time spent in custody pending the appeal of his first conviction, as reflected by the third stipulation set out above, is likewise disposed of by the holding in *Virgil, supra.* Defendant was in custody from 20 November 1968, the date of his first conviction, until 4 February 1969, at which time he was able to post the required appearance bond. The only statutory requirement in North Carolina that a defendant be given credit for time spent in custody pending appeal was first ratified 22 April 1969. Chap. 266, Session Laws 1969. None of the time in custody claimed by defendant occurred after 4 February 1969. "Recent enactments designed to require credit on a prison sentence for all time spent in custody *pending appeal* are not retroactive . . . ." *State v. Virgil, supra.*

For the reasons stated it was not error for the trial judge to refuse to give defendant credit on the sentence.

[4]    However, we note that the judgment entered upon defendant's second trial recites that ". . . defendant, through his attorney and in his own proper person, tenders a plea of Nolo Contendere as charged . . . ." This obviously was an oversight on the part of the trial judge, because the only record charge against defendant was by indictment charging him with the felony of assault with intent to commit rape. This Court, by its opinion upon defendant's first appeal, effectively directed a nonsuit of the felony as charged in the bill of indictment, and directed that defendant could only be tried upon the lesser included misdemeanor offense. Also, the sentence imposed by the trial judge reflects that he was considering only the lesser included misdemeanor offense. Nevertheless, in order that the judgment entered may recite the correct charge to which the plea was entered, this cause is remanded to the Superior Court of Durham County with instructions that the judgment entered in this case on 2 September 1969 be amended to show that the defendant tendered a plea of nolo contendere to a charge of assault on a female, he being a male person. (G.S. 14-33(b)(4)).

Remanded for correction of recitations in the judgment.

No error in the judgment imposing sentence.

BRITT and GRAHAM, JJ., concur.