**Ernest JONES, Jr., Petitioner,**

v.

**David P. HENRY, Administrator, Department of Correction, State of North Carolina, Respondent.**

**Civ. A. No. 2385.**

United States District Court,
E. D. North Carolina,
Raleigh Division.

Sept. 9, 1970.

**1224**

Jacob L. Safron, Asst. Atty. Gen., Raleigh, N. C., for respondent.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

This petition comes before the court on a petition for a writ of habeas corpus filed *in forma pauperis* pursuant to the terms of 28 U.S.C. § 2241(c) (3).

Petitioner is detained by authority of judgments of the Superior Court of Cumberland County rendered at its January 30, 1967 term. At that time petitioner plead guilty to the crimes of kidnapping, common law robbery with firearms, and felonious housebreaking. The trial court found him guilty and sentenced him to terms of six years on each charge to be served consecutively.

It is now contended that these convictions are void because:

(1) the pleas of guilty were involuntary and obtained through the coercive practices of the conductors of the investigation;

(2) an incriminating statement was obtained through coercive threats of physical harm and incommunicado methods;

(3) the petitioner was questioned without the proper reading of a warrant and prior to indictment; and

(4) the confession of a co-defendant was used to obtain an incriminating statement from the petitioner.

The petitioner has sought post-conviction relief in the North Carolina state courts. The Superior Court of Cumberland County made findings of fact on competent evidence that the petitioner was advised of his Constitutional rights and that he was not subjected to physical or verbal threats. No reason appears why these findings should not be accepted by this court. 28 U.S.C. § 2254. Moreover, it does not appear what actually was contained in the statement and to what degree it was damaging to the petitioner.

Even if some kind of confession was obtained by unconstitutional means, the petitioner would still not be entitled to relief. The record shows that a co-defendant had already plead not guilty and been tried by a jury which convicted him of three serious charges. These convictions had been affirmed on appeal. Petitioner's attorney advised him that the case seemed even stronger against him than against the convicted co-defendant. At the time petitioner was subject to twelve indictments, one of them a capital offense. Petitioner was examined at the Dorothea Dix Mental Hospital and his court-appointed attorney advised him that he would be willing to defend if the petitioner plead not guilty or not guilty by reason of insanity. He plead guilty to three indictments with the understanding that the others would be dismissed, which they were. The petitioner admitted at the plenary hearing that no one forced or compelled him to plead guilty. The fact that the petitioner may have been influenced in some way to enter the guilty pleas because of an alleged incriminating statement does not vitiate the voluntariness of those pleas. McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970).

A guilty plea which is understandingly and voluntarily made is a waiver of all non-jurisdictional defects. Vanater v. Boles, 377 F.2d 898 (4th Cir. 1967). This court has examined the record and found no jurisdictional defects. It clearly appears that the petitioner had a competent court-appointed attorney who conducted a thorough investigation of the case and rendered thoughtful advice to the petitioner. The defendant had a fair trial and none of his rights have been violated.

For the foregoing reasons the petition for a writ of habeas corpus is dismissed and the relief is denied.

If the petitioner wishes to appeal this judgment or any part thereof, he may do so by filing with the clerk of *this* court a notice of appeal. Failure to file notice of appeal within 30 days may result in a denial of the right to appeal. The notice shall state the following:

(1) the party or parties taking the appeal;

(2) the judgment, order or part thereof appealed from; and

(3) the court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.

The clerk is directed to send certified copies of this opinion and judgment to the petitioner and to the respondent.