**1400**

Ernest JONES, Jr., Petitioner,

v.

David P. HENRY, Administrator, Department of Correction, State of North Carolina, Respondent.

Civ. A. No. 2386.

United States District Court,
E. D. North Carolina,
Raleigh Division.

Sept. 9, 1970.

Jacob L. Safron, Asst. Atty. Gen., Raleigh, N. C., for respondent.

## OPINION AND JUDGMENT

DALTON, District Judge, sitting by designation.

This case comes before the court on a petition for a writ of habeas corpus filed *in forma pauperis*. The petitioner has filed a separate petition which makes other allegations and which has been considered in a separate opinion (316 F.Supp. 1223).

■ The sole prayer in the present petition is that the petitioner should receive credit on his sentences for a period of 15 months spent in jail and in a mental hospital pending trial. The major portion of that period was spent in Dorothea Dix Mental Hospital for observation and treatment. Petitioner alleges that he attempted to present this claim by way of a petition for a writ of mandamus in the Superior Court of Cumberland County which he claims ignored the petition. On January 31, 1969 the petitioner filed a petition for a writ of habeas corpus in the Supreme Court of North Carolina asking credit for jail time. The court denied the petition. The respondent claims that the petitioner has not made a sufficient showing that he has exhausted his state remedies. The court notes, however, that North Carolina has recently rejected the same contentions made here by the petitioner. State v. Virgil, 276 N.C. 217, 172 S.E.2d 28 (1970); State v. Walker, 7 N.C.App. 548, 172 S.E.2d 881 (1970). It therefore appears that petitioner does not have a state remedy with regard to these contentions.

■■ The petitioner had no federal Constitutional right to be released on bail pending trial because he was charged with a capital offense, first degree burglary. See Stack v. Boyle, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951). The question whether one who is not entitled to bail pending a state trial is nevertheless entitled to credit on his sentence for that time spent in jail is a matter of state law and does not present a federal Constitutional issue.

Gross v. Sarver, 307 F.Supp. 1105 (E.D. Ark.1970); Newell v. Page, 280 F.Supp. 203 (N.D.Okl.1968). As previously noted, the law of North Carolina does not provide for credit for time spent either in jail or in a mental hospital pending trial. State v. Virgil, *supra;* State v. Walker, *supra.*

For the foregoing reasons the petition for a writ of habeas corpus is dismissed and the relief is denied.

If the petitioner wishes to appeal any part of this judgment, he may do so by filing with the clerk of *this* court a notice of appeal. Failure to file notice of appeal within 30 days may result in a denial of the right to appeal. The notice shall state the following:

(1) the party or parties taking the appeal;

(2) the judgment, order or part thereof appealed from; and

(3) the court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.