STATE OF NORTH CAROLINA v. WILLIAM ALEXANDER WALKER

No. 6

(Filed 16 December 1970)

1. Criminal Law § 138— credit on prison sentence — confinement awaiting trial

In North Carolina credit is given for time served under a previous sentence for the same conduct, but a defendant is not entitled to credit for time spent in custody awaiting trial.

2. Criminal Law § 138— credit on prison sentence — confinement under reversed felony conviction

A defendant whose conviction on a felony charge was reversed by the Court of Appeals was not entitled to deduct the time spent in custody under the felony charge from the sentence of imprisonment received in his subsequent trial on a lesser included offense of the felony, where the time spent in custody under the felony conviction resulted solely from his failure to post appearance bond pending his appeal to the Court of Appeals.

3. Criminal Law § 138— credit on prison sentence — confinement for mental evaluation

A defendant was not entitled to receive credit on his sentence for the sixty days he was required to spend under observation in a State hospital for the purpose of determining whether he was mentally competent to stand trial.

4. Criminal Law § 138— credit on prison sentence — effect of 1969 statute

The 1969 statute which gives a defendant credit on his prison sentence for the time spent in custody pending appeal is not retro-active, nor does the statute apply when the sentence of imprisonment is reversed. G.S. 15-186.1.

Justice HIGGINS dissenting.

Chief Justice BOBBITT dissenting.

Justice SHARP joins in dissenting opinion of Chief Justice Bobbitt.

ON *certiorari* to the Court of Appeals to review its decision upholding judgment of *Bowman, S.J.,* 1 September 1969 Session, DURHAM Superior Court.

The facts in this case occurred in the following chronological order:

1. Defendant was arrested 22 April 1968 on a warrant charging assault with intent to commit rape and immediately released on bond until his preliminary hearing on 7 May 1968.

2. At the preliminary hearing defendant was bound over to superior court and a new bond set. He was held in custody

*awaiting trial* from 7 May 1968 until 13 June 1968 when he posted the required appearance bond and was released.

3. On 14 June 1968, a question having been raised as to defendant's ability to plead to the bill of indictment, the presiding superior court judge committed defendant to Cherry Hospital for a period of sixty days for observation after which he was again released on the appearance bond which he had previously posted on 13 June 1968.

4. On 20 November 1968 defendant was tried and convicted of assault with intent to commit rape and sentenced to prison for a term of five to seven years. He gave notice of appeal to the Court of Appeals and appearance bond was again fixed. He was not committed to prison to serve this sentence but remained in custody from 20 November 1968 until 4 February 1969 at which time he posted the required appearance bond and was released.

5. On 30 April 1969 defendant's conviction of assault with intent to commit rape was reversed by the Court of Appeals, 4 N.C. App. 478, 167 S.E. 2d 18, and a new trial ordered on the lesser included offense of assault on a female, he being a male person.

6. On 2 September 1969 defendant tendered a plea of *nolo contendere* in the superior court to the charge of assault on a female, he being a male person (G.S. 14-33 as amended by Chapter 618, Session Laws 1969) and was sentenced to a term of not less than three nor more than six months. Defendant requested the trial judge to allow credit on the sentence imposed for all time previously spent in custody. The motion was denied, and defendant appealed to the Court of Appeals which found no error, 7 N.C. App. 548, 172 S.E. 2d 881, opinion filed 1 April 1970. Commitment was thereafter issued by the Clerk of Durham Superior Court, and defendant allegedly served twenty-nine days of his three to six months sentence pending his petition to this Court for *certiorari*. We allowed *certiorari* to review decision of the Court of Appeals, and on 18 May 1970 ordered the Director of the Department of Corrections to release defendant from custody pending our decision, defendant having executed a bond in the sum of $1,000.00 conditioned upon his appearance in the Durham Superior Court to receive and abide by further orders of the court following decision here.

The record contains the following stipulations:

"1. That the defendant appellant in this case was in custody from May 7, 1968 until June 13, 1968 *in lieu of bond.*

"2. That the defendant appellant in this case was in custody from June 14, 1968 until August 14, 1968 under an order for mental and psychiatric observation.

"3. That the defendant appellant in this case was in custody from November 20, 1968, the date of his first trial, until February 4, 1969 *in lieu of bond pending his appeal."*

*John C. Randall, Attorney for the Defendant Appellant.*

*Robert Morgan, Attorney General; Edward L. Eatman, Jr., Staff Attorney for the State.*

HUSKINS, Justice.

[1, 2]   In North Carolina credit is given for *time served* under a previous sentence for the same conduct, but a defendant is not entitled to credit for time spent in custody awaiting trial. *State v. Virgil,* 276 N.C. 217, 172 S.E. 2d 281 (1970). Until the date of his commitment on or about 21 April 1970, following certification to Durham Superior Court of the decision of the Court of Appeals filed 1 April 1970 and reported in 7 N.C. App. 548, 172 S.E. 2d 881, defendant's status was that of a person under indictment awaiting trial in default of bond and not that of a prisoner serving a sentence. "During this period, while in custody in default of bond, defendant was not serving a sentence as punishment for the conduct charged in the bill of indictment." *State v. Weaver,* 264 N.C. 681, 142 S.E. 2d 633 (1965).

[3]   The sixty days defendant spent in Cherry Hospital under observation was ordered before any trial had been held for the purpose of determining whether defendant was mentally competent to plead to the indictment and to assist counsel in the conduct of his defense. This order was for the protection of defendant's rights and was properly regarded by the Court of Appeals as time spent in custody awaiting trial. In no sense did it constitute service of a sentence because no trial had been conducted and no sentence pronounced.

In addition to *Virgil* and *Weaver,* heretofore cited, the following authorities are in accord with the views above expressed: *Williams v. State,* 269 N.C. 301, 152 S.E. 2d 111 (1967) ; *State v.*

*Foster,* 271 N.C. 727, 157 S.E. 2d 542 (1967) ; *State v. Paige,* 272 N.C. 417, 158 S.E. 2d 522 (1968) ; *State v. Stafford,* 274 N.C. 519, 164 S.E. 2d 371 (1968) ; *North Carolina v. Pearce,* 395 U.S. 711, 23 L.Ed. 2d 656, 89 S.Ct. 2072 (1969). See Annotation, 35 A.L.R. 2d 1283.

Defendant contends, however, that by virtue of G.S. 15-186.1 he is entitled to credit for time spent in custody (November 20, 1968 to February 4, 1969) pending appeal of his felony conviction to the Court of Appeals.

[4] Chapters 266 and 888 of the 1969 Session Laws (codified as G.S. 15-186.1) were ratified, respectively, on April 22, 1969, and June 16, 1969. Defendant's last day in custody "in lieu of bond pending appeal" was February 4, 1969. Thus these enactments designed to give credit on a prison sentence for all time spent in custody *pending appeal* afford defendant no relief because (1) they are not retroactive and (2) they are *by their language* not applicable to this case in that defendant's sentence of imprisonment was reversed rather than affirmed by the Court of Appeals, 4 N.C. App. 478, 167 S.E. 2d 18. Hence, G.S. 15-186.1 does not apply.

[2] Defendant is entitled to credit for time served on the three to six months sentence following commitment (said to be twenty-nine days) and nothing more. All other time in dispute was simply time spent in custody *in lieu of bond awaiting trial,* or time spent in custody *in lieu of bond pending appeal* for which credit is not authorized by G.S. 15-186.1.

The following language appears in *State v. Weaver, supra:* "From the pronouncement of judgment . . . until said judgment was vacated . . . defendant's *de facto* status was that of a prisoner serving a sentence." This language is entirely consistent with the views expressed here because Weaver was commited to State's Prison to serve his sentence on May 9, 1963—*the same day on which judgment was pronounced.* Thus he was serving his sentence and was neither in custody in lieu of bond awaiting trial nor in custody in lieu of bond pending appeal. Not so here. In this case defendant simply failed to make bond and obtain his release pending appeal of his felony conviction. As a result he remained in Durham County Jail from November 20, 1968, to February 4, 1969, when bail was posted and defendant was released. His release on bond at that time took place nearly three months prior to reversal of his felony conviction by the

State v. Walker

Court of Appeals on 30 April 1969. These facts conclusively show that defendant was in custody in default of bail pending appeal rather than in custody serving the felony sentence.

For the reasons stated, the decision of the Court of Appeals is

Affirmed.

Justice HIGGINS dissenting:

The record discloses these facts: On April 22, 1968, Durham County officers arrested William Alexander Walker under the authority of a warrant charging assault with intent to commit rape. At the preliminary hearing on May 7, 1968, the court found probable cause and ordered the defendant held for Grand Jury action. In default of bond, the defendant was committed to jail.

On June 13, 1968, the defendant was able to post bond. The following day, the Superior Court committed him to Cherry Hospital for psychiatric evaluation. At the end of the period of commitment (60 days) the authorities found the defendant was without psychosis and released him on his original bond.

On November 20, 1968, the defendant was tried on an indictment charging assault with intent to commit rape. The jury returned a guilty verdict. The court imposed a sentence of 5 to 7 years in prison and ordered the defendant in custody for the service of the sentence. Although the defendant gave notice of his intention to appeal, he remained in custody under the sentence until February 4, 1969, when he was able to post bond and be at liberty pending decision on his appeal.

The Court of Appeals, on April 30, 1969 (4 N.C. App. 478, 167 S.E. 2d 18) reversed the conviction, holding the evidence was insufficient to support the charge of assault with intent to commit rape. The court, however, concluded the evidence was sufficient to go to the jury on a lesser included offense and remanded the case to the Superior Court of Durham County for trial on the charge of assault on a female by a male person.

At the September, 1969 Session, Durham Superior Court, the defendant entered a *nolo contendere* plea to the misdemeanor charge. The court imposed a prison sentence of not less than three nor more than six months (the latter the maximum for the offense). "Counsel for the defendant moved to set aside the

judgment and excepted to the sentence on the ground that the defendant was entitled to have the time spent in detainment credited on the sentence imposed." The trial court denied the motion. The defendant again appealed.

The Court of Appeals (7 N.C. App. 548, 172 S.E. 2d 881) found no error in the judgment and sentence, and thus denied the defendant's claim of credit for any time served prior to the last sentence, citing as authority *State v. Virgil,* 276 N.C. 217, 172 S.E. 2d 28.

Many cases and statutes bearing on the questions here for review are cited and discussed in *State v. Virgil, supra; State v. Weaver,* 264 N.C. 681, 142 S.E. 2d 633, and in the decision of the Court of Appeals in this case. The correct rule fixing the amount of credit due for time previously served for the same unlawful conduct is succinctly stated in *State v. Virgil, supra:* "Thus North Carolina requires that credit be given *for time served under a previous sentence for the same conduct* but holds that a defendant *is not entitled to credit for time spent in custody while awaiting trial."* (Emphasis added) The Court's opinion in Virgil (in which this writer joined), after stating the rule correctly, perhaps unduly restricted its application by failing to distinguish between the status of a defendant who is in custody awaiting trial and one who is in custody under sentence after trial. The correct rule is stated in this Court's unanimous opinion in *State v. Weaver, supra:* "From the pronouncement of judgment . . . until said judgment was vacated . . . defendant's *de facto* status was that of a prisoner serving a sentence." In *Patton v. N.C.,* 381 F. 2d 636 (4th Circuit), the court, speaking of credit for time served, said: " . . . (H)e shall not be finessed out of credit for time he was forced to serve under an invalid sentence."

The opinion of the Court of Appeals that the defendant is not entitled to credit for the time spent in jail awaiting his first trial or in the hospital for psychiatric evaluation under the court's order is correct. However, under the authorities, I think the defendant is entitled to credit on his misdemeanor sentence for the time he served under the felony conviction involving the same wrongful conduct. Both the State and the defendant were bound by the judgment in the felony conviction. In no sense could it be said the defendant was in custody awaiting trial. When the Court of Appeals reversed the felony conviction and remanded the cause to the Superior Court for trial of the mis-

State v. Walker

demeanor, then the defendant was in custody awaiting trial. In my opinion the defendant is entitled to credit on the misdemeanor sentence for the time spent in custody under the felony sentence (November 20, 1968 until February 4, 1969). I am unable to agree with the Court's decision which denies such credit.

Chief Justice BOBBITT dissenting:

I concur in the dissenting opinion of Justice Higgins. In addition to the views expressed therein, I direct attention to the matters discussed below.

On September 2, 1969, defendant tendered, and the court accepted, a plea of *nolo contendere* to (simple) assault on a female, he being a male person. Imprisonment for six months was the maximum (imprisonment) punishment for this offense. G.S. 14-33. The judgment pronounced imposed an indeterminate sentence of not less than three nor more than six months, which authorized the Commissioner of Correction to retain custody of defendant for the maximum term of six months. G.S. 148-42, as amended by Section 9, Chapter 996, of the Session Laws of 1967. Therefore, it appears affirmatively that the court did not take into consideration the time defendant was in custody (November 20, 1968, to February 4, 1969) pending his appeal from the (subsequently vacated) judgment based on the felony conviction. Indeed, the court denied defendant's request that he receive credit for his confinement in jail during this period.

If defendant is required to serve the maximum term imposed by the judgment of September 2, 1969, in addition to his confinement in jail from November 20, 1968, to February 4, 1969, his term of imprisonment will exceed that permitted by G.S. 14-33. *Cf. State v. Weaver,* 264 N.C. 681, 142 S.E. 2d 633. The majority ignore or disregard the hard fact of defendant's actual confinement in jail from November 20, 1968, to February 4, 1969, on the ground he was not then *serving* a sentence but was in custody in default of bond pending the outcome of his appeal. For this reason, it is asserted that defendant's involuntary confinement during this period should not be regarded as punishment.

Defendant had been at liberty under bond immediately preceding his conviction for the felony. When convicted, judgment was pronounced and defendant was ordered into custody. True, bond was set for his release pending appeal. Presumably he was unable to arrange for his release on bond until February 4, 1969. On appeal, the judgment under which he was confined

pending appeal was *vacated.* This dissent relates solely to the time he spent in jail under authority of the invalid judgment. In my opinion, involuntary confinement under an invalid judgment should be considered punishment.

If defendant had pleaded guilty or *nolo contendere* to an offense punishable by imprisonment for a longer term, *e.g.,* two years, it might well be assumed that his confinement in jail under the subsequently vacated felony conviction and judgment was taken into consideration when the court pronounced the three-six months sentence. Such is not the case here.

I agree that the 1969 Act now codified as G.S. 15-186.1 does not apply. When applicable, that statute *requires* that credit be given for the time spent in jail pending appeal when *the judgment* from which the appeal is taken *is affirmed.* It is anomalous indeed to *allow* credit for time spent in jail pending appeal under a conviction and judgment held to be valid and *disregard* time spent in jail pending appeal if the conviction and the judgment pronounced are held to be invalid.

Justice SHARP joins in this dissenting opinion.