JOSEPH MICHAEL PINYATELLO v. STATE OF NORTH CAROLINA

No. 7210SC514

(Filed 28 June 1972)

1. **Criminal Law § 138— time in custody awaiting trial and pending appeal — credit on sentence — nonretroactivity of statutes**

    Statutes requiring that credit be given on a prison sentence for time spent in custody awaiting trial and pending appeal from a conviction are not retroactive. G.S. 15-176.2 and G.S. 15-186.1.

2. **Criminal Law § 138— time in custody awaiting trial and pending appeal — nonretroactivity of statutes — discrimination**

    Statutes requiring that credit for time spent in custody awaiting trial and pending appeal be given on sentences imposed in trials commenced after the effective dates of the statutes do not create an unlawful discrimination between defendants tried subsequent to their enactment and those tried prior thereto, since the General Assembly has the right to change the laws relative to the punishment for conduct it describes as crimes and to say when the punishment shall begin.

ON *Certiorari* to review order of *Canaday, Judge,* at the 14 February 1972 Session of Superior Court held in WAKE COUNTY.

Joseph Michael Pinyatello (petitioner) filed a petition in this court for a writ of certiorari, which was allowed. The facts are set forth in the opinion.

*Attorney General Morgan and Deputy Attorney General Vanore for the State.*

*Tharrington & Smith by Roger W. Smith for petitioner.*

MALLARD, Chief Judge.

Petitioner was charged in a bill of indictment, proper in form, returned at a January 1967 Session of Superior Court

held in Wake County, with the violation of the safecracking and safe robbery statute on 21 November 1966. This statute reads as follows:

"Any person who shall by the use of explosives, drills, or other tools unlawfully force open or attempt to force open or 'pick' the combination of a safe or vault used for storing money or other valuables, shall, upon conviction thereof, receive a sentence, in the discretion of the trial judge, of from ten years to life imprisonment in the State penitentiary." G.S. 14-89.1.

During the second week of a session of superior court which began in May 1967 in Wake County, the petitioner was tried and found guilty as charged. At that time, he was represented by his own privately retained attorney. From a judgment of imprisonment of not less than twenty years nor more than twenty-five years, the petitioner, on 8 June 1967, appealed to the Supreme Court, and an appearance bond of $20,000 and a cost bond of $200 were set. In its opinion filed 12 January 1968 and reported in 272 N.C. 312, 158 S.E. 2d 596 (1968), the Supreme Court of North Carolina found no error in his trial. Commitment was issued on 18 January 1968 and petitioner began serving the sentence.

Petitioner *pro se* filed a motion dated 9 February 1972 in the Superior Court of Wake County in which he alleged that as a matter of law he was entitled, under the provisions of G.S. 15-186.1, to "credit as time served on the sentence imposed June 7, 1967 of 20 to 25 years of the time from June 7, 1967 until January 18, 1968, a total of seven (7) months and eleven days spent in physical custody and confinement awaiting the determination of the appeal taken in this cause to the Supreme Court of North Carolina." He further alleged that he was arrested and placed in jail on 23 November 1966 for the offense resulting in his conviction and remained in physical custody and confinement until 7 June 1967, a period of six months and fifteen days, and that he was entitled to credit for this time as time served on the prison sentence imposed. He alleged that G.S. 15-176.2, enacted with an effective date of 19 July 1971, creates "an unlawful discrimination forbidden by the Equal Protection of the Law clause of the Fourteenth Amendment to the United States Constitution and Article 1, Section 19 of the North Carolina Constitution, between those defendants tried after its enactment and those tried prior to its enactment, see the rationale

of *Cole v. North Carolina,* 419 F. 2d 127 (4th Cir, 1969), wherein a similar statute (G.S. 15-186.1 at that time) was declared to create an unlawful discrimination forbidden by constitutional case law principles." In this "motion" the petitioner does not assert that the reason he did not give bond was because of indigency; however, the defendant is now an indigent and is represented by court-appointed counsel.

Without making any findings of fact, Judge Canaday, after hearing the matter on the motion, entered an order dated 14 February 1972 containing the following:

> "It appearing to the Court that the Statute (G.S. 15-186.1) upon which petitioner relies, is not retroactive; the Court concludes that the petitioner's petition should be and the same is herewith, denied."

This court allowed certiorari on 7 March 1972.

G.S. 15-184 provides that " (t)he sentence shall begin as of the date of the issuance of the commitment." This statute was in effect on 18 January 1968 when the defendant was committed to prison.

G.S. 15-184 was amended by Section One of Chapter 266 of the Session Laws of 1969. This amendment related to a defendant receiving credit toward the satisfaction of a sentence imposed upon him for the time he had spent in custody *pending* appeal and contained the following: "This provision shall apply to all trials commenced after the ratification of this amendment." It was ratified on 22 April 1969.

Also, at the 1969 Session of the General Assembly, Section One of said Chapter 266 was stricken in Chapter 888 of the 1969 Session Laws and G.S. 15-186.1 was enacted. The pertinent parts of G.S. 15-186.1 were as follows:

> "* * * In the event the defendant had not been admitted to bail pending the appeal, he shall receive credit towards the satisfaction of the sentence for all the time he has spent in custody *pending the appeal,* except when the sentence is death or life imprisonment. * * * This provision *shall apply* to *all trials commenced after* the *ratification* of this Section." (Emphasis added.)

This Act was amended in 1971 and the foregoing language was deleted.

By Chapter 957 of the Session Laws of 1971, the General Assembly enacted a new section of the General Statutes codified as G.S. 15-176.2. The pertinent parts of this section read:

> "The term of a definite sentence or the minimum and maximum term of an indeterminate sentence shall be credited with and diminished by the amount of time the defendant spent in confinement prior to the commencement of such sentence as a result of the charge that culminated in the sentence. The credit herein provided shall be calculated from the date custody under the charge commenced to the date the sentence commences. * * * Upon sentencing, the Judge presiding shall determine the credits to which the defendant is entitled, and the clerk of court in which the defendant is sentenced shall transmit to the Department of Correction or to the sheriff of the county, together with the commitment, a statement of pretrial credits to which the defendant shall be entitled. * * * *This provision shall apply to all trials commenced after the ratification of this section.*" (Emphasis added.)

[1] It is clear from the language used in the enactment of the foregoing laws that the General Assembly of 1969 and 1971 did not intend for G.S. 15-186.1 and G.S. 15-176.2 to have retroactive effect. Both of these statutes were enacted after this petitioner had been tried and sentenced and appealed from his conviction (which was upheld by the Supreme Court of North Carolina) and after commitment had issued on 18 January 1968.

[2] The argument that these two statutes (G.S. 15-176.2 and G.S. 15-186.1) create an unlawful discrimination between defendants tried subsequent to their enactment and those tried prior thereto is, in our opinion, without merit. The General Assembly of North Carolina has the right to change the laws relative to the punishment for conduct it describes as crimes, and has the right to say when the punishment shall begin, unless prohibited by the Constitution of the United States. See *Atlantic Coast Line R. Co. v. Engineers,* 398 U.S. 281, 26 L.Ed. 2d 234, 90 S.Ct. 1739 (1970). We are not aware of any constitutional prohibition upon the power of the General Assembly of North Carolina to declare safecracking and safe robbery a crime and to fix the punishment therefor and the time such punishment shall begin. It is expressly provided in the Tenth

Amendment to the United States Constitution that "(t)he powers not delegated to the United States by the Constitution, nor prohibited by it to the states, are reserved to the states, respectively, or to the people."

In *State v. Walker*, 277 N.C. 403, 177 S.E. 2d 868 (1970), the Supreme Court of North Carolina specifically held that a defendant is not entitled to credit for time spent in custody awaiting trial, and that G.S. 15-186.1 has no retroactive effect. We hold that the law applicable to the retroactivity of G.S. 15-186.1, as applied in *State v. Walker, supra*, and *State v. Virgil*, 276 N.C. 217, 172 S.E. 2d 28 (1970), is also applicable to the provisions of G.S. 15-176.2 and that this statute does not have retroactive effect.

Petitioner, in support of his contentions, cites *Cole v. North Carolina*, 419 F. 2d 127 (4th Cir. 1969), where the federal court, with the apparent approval and at the suggestion of the Attorney General of North Carolina, ordered that the appellant there be given credit for time spent in custody while unable to secure his release on bail pending final disposition of his appeal from a conviction of manslaughter in the courts of North Carolina. *Cole v. North Carolina, supra,* was filed on 24 November 1969, and since then, the Supreme Court of North Carolina has twice held that G.S. 15-186.1 has no retroactive effect, and that under North Carolina law prior to the effective date of G.S. 15-186.1, a defendant is not entitled to credit for time spent in custody awaiting trial. See *State v. Walker, supra,* filed 16 December 1970, and *State v. Virgil, supra,* filed 30 January 1970. Further, the Attorney General of North Carolina in his brief filed in the case before us argues that these holdings of the Supreme Court of North Carolina, and the holdings of the North Carolina Court of Appeals in the case of *State v. Walker*, 7 N.C. App. 548, 172 S.E. 2d 881 (1970), *aff'd.,* 277 N.C. 403, and *State v. Lewis*, 7 N.C. App. 178, 171 S.E. 2d 793 (1970), should be followed and that the provisions of G.S. 15-176.2 should not be given retroactive application.

When the petitioner began to serve the sentence imposed on him, the law of North Carolina provided for the sentence to begin as of the date of the issuance of the commitment. G.S. 15-184. By G.S. 15-176.2 and G.S. 15-186.1, both of which were enacted after the petitioner started serving his sentence, the General Assembly has now provided a means for a defendant,

Pinyatello v. State

whose trial commences after ratification of these Acts, to obtain credit for the amount of time spent in custody prior to trial on the charge and pending appeal from a conviction. We hold that by enacting these two statutes, the General Assembly of North Carolina did not unlawfully discriminate against this petitioner. It was the intent of the General Assembly to give certain credits to all persons sentenced to prison and that this credit was to apply to trials commenced after the ratification of the respective acts and not to trials already completed. This had the effect of giving all persons, whether released on bond or not, credit on a sentence required to be served for all time spent in custody on the charge resulting in the sentence. This provision applied to all persons convicted of crime and required to serve sentences; it does not discriminate against this petitioner.

Moreover, it is noted that Judge Canaday was the trial judge, as well as the judge who denied petitioner's motion for credit on the time of imprisonment for time spent in custody prior to commitment, and inasmuch as the petitioner could have been sentenced to life imprisonment, we assume that Judge Canaday, in imposing the original sentence of only twenty to twenty-five years, took into consideration all of the circumstances surrounding the case, including the circumstances that petitioner had been in custody since his arrest, if such was the fact. The petitioner has not been punished twice for this crime.

The judgment of Judge Canaday dismissing the motion of petitioner is affirmed.

Affirmed.

Judges CAMPBELL and BRITT concur.