Donald R. HAM, Appellant,

v.

**STATE OF NORTH CAROLINA, V. Lee Bounds, Prison Director, et al.,** Appellees.

No. 71–1104.

United States Court of Appeals, Fourth Circuit.

Jan. 11, 1973.

William T. Toal, School of Law, University of South Carolina, Greenville, S. C., Court-appointed counsel, on brief, for appellant.

Robert Morgan, Atty. Gen., of North Carolina, and Jacob L. Safron, Asst. Atty. Gen., of North Carolina, on brief, for appellees.

Before BOREMAN, Senior Circuit Judge, and WINTER and RUSSELL, Circuit Judges.

RUSSELL, Circuit Judge:

In 1959 the petitioner, a North Carolina state prisoner, pled guilty to second-degree murder and received an indeterminate sentence of 25 to 30 years,[1] later commuted by the Governor of that State to one of 20 to 25 years. After he had begun service of this sentence and been granted parole on two occasions (revoked for cause in each instance), he filed in the state courts a post-conviction relief application, in which he contended that he was constitutionally entitled to "credit" on his sentence for time of parole, and that he was also entitled to special "gain time" for labor in a "permanent extra work position" during his confinement. Both claims were denied in the state courts and petitioner filed for habeas relief in the district court. The petition was dismissed without a hearing and this appeal followed.

The dismissal by the district court of the two claims originally asserted in the state courts was proper. It has consistently been held that a prisoner is not entitled to credit for parole time, Hamrick v. Peyton, 349 F.2d 370 (4th Cir., 1965), and cases cited *id.*, at 372. The claim for "gain time" is somewhat more complex. The petitioner does not contend that he was denied "gain time", but that the differentiation in "gain time" allowances for farm labor and kitchen labor is improper, and that, though he worked on the prison farm, he was entitled to the more generous provisions for "gain time" on account of kitchen work. However, the grades established for "gain time" based on differences in work assignment are matters of prison administration, to be disturbed, as the district court correctly observed, only if clearly arbitrary or capricious, *see* Kelly v. North Carolina, 276 F.Supp. 200, 210 (E.D.N.C.1967). There is no basis for the claim of arbitrariness involved here. Under such circumstances, petitioner's claim for increased "gain time" is without merit.

The petitioner raised obliquely in the district court a third claim, which was not passed on by that court. This omission is understandable. After the petition was filed, the district court found it indefinite and granted the petitioner leave to amplify his allegations. In elaborating on his original claims, the petitioner appended at the end of his amended petition, almost as an afterthought it might seem, his claim for credit for pre-sentence confinement. The district court apparently overlooked this new claim and did not consider it. We are of the opinion, however, that it was adequately presented so as to command consideration. After all, *pro se* petitions are to be viewed with great liberality, looking to the attainment of full justice.

Ordinarily this new claim, first asserted in the district court, would be subject to dismissal for failure to exhaust state remedies. Exhaustion, however, does not require the doing of a futile act, and if it is obvious that the state courts will afford no relief, a petitioner is not obligated to go through a needless state court proceeding. That is the situation here. The courts of North Carolina have authoritatively held that

---

1. The maximum sentence established by North Carolina law for this offense is 30 years, N.C. G.S. 14–17.

petitioner's claim is meritless under both state law and the federal Constitution, State v. Walker, 277 N.C. 403, 177 S.E. 2d 868 (1970); State v. Virgil, 276 N.C. 217, 172 S.E.2d 28 (1970). The state legislature, some months following the district court's dismissal of the prisoner's petition, however, provided by statute [2] for credit for pre-sentence jail time in all cases tried *subsequent* to the effective date of the act. The statute by its specific language affords petitioner no relief, as his trial occurred long prior to its effective date. The attempt to limit the statute to a prospective application, though, is palpably unconstitutional, *see* Mott v. Dail, 337 F.Supp. 731 (E.D.N.C.1972); *contra,* Pinyatello v. State, 14 N.C.App. 706, 189 S.E.2d 574 (1972); *see also,* Cole v. North Carolina, 419 F.2d 127 (4th Cir. 1965). The state has suggested that we should defer any decision on this aspect of the statute and require the petitioner to litigate the issue in the state courts. We decline so to do, especially under the circumstances of this case, where, if petitioner is entitled to relief, it could mean his almost immediate release.[3]

 Moreover, it is to be assumed that petitioner was at the time of his arrest without the means to provide bail, if allowed in a reasonable amount. This indigency, it is true, is not definitely shown in the record, but his petition in this court is supported by an oath of indigency, and it may be presumed he was similarly circumstanced when arrested. Given this, for the reasons so well stated by the district court in a similar case decided a few months after the petitioner's, the petitioner is entitled to credit for his pre-sentence confinement. Culp v. Bounds, 325 F.Supp. 416 (W.D.N.C. 1971). *See also,* Parker v. Bounds, 329 F.Supp. 1400 (E.D.N.C.1971); Workman v. Cardwell, 338 F.Supp. 893 (N.D. Ohio, 1972). The case is accordingly re-manded with instruction to the district court that petitioner be given credit for his pre-sentence confinement.

Affirmed in part and remanded in part.

---

2. N.C.G.S. § 15–176.2.

3. The record gives as petitioner's earliest eligible release date July 3, 1973. Petitioner claims he was confined for six months prior to sentencing.