**Robert NEWELL et al., Plaintiffs,**

v.

**Jack F. DAVIS et al., Defendants.**

**Civ. A. No. 559–75–AM.**

United States District Court,
E. D. Virginia,
Alexandria Division.

Feb. 25, 1976.

Gregory L. Murphy, Murphy, McGettigan, McNally & West, Alexandria, Va., for plaintiffs.

Patrick A. O'Hare, Asst. Atty. Gen., Richmond, Va., for defendants.

## MEMORANDUM OPINION AND ORDER

ALBERT V. BRYAN, Jr., District Judge.

This is an action brought by certain inmates of the Virginia State Penitentiary against officials of the Virginia Department of Corrections and other state officials pursuant to 42 U.S.C. § 1983. Jurisdiction is based on 28 U.S.C. § 1343.

The parties have submitted the case for decision based on an agreed Stipulation of Facts, filed on January 6, 1976, and the Court adopts those as the Findings of Facts required by F.R.Civ.P. 52.

The plaintiffs work in the hospital facility of the penitentiary as operating room, x-ray, dental and laboratory technicians, as well as nurse and administrative assistants. They also perform custodial tasks. They complain of being denied participation in a pay incentive program adopted by the Department of Corrections in 1973. This program was initially adopted on or about January 17, 1973, as a trial project for two laundries. It was later extended to all industrial shops within the state penal system, the farming operations at two units, the correctional field units and food service departments at certain units. These constitute work activities which, in the opinion of the correctional officials in charge of the program, produce some measurable production or savings from which the monies for the program are earned or saved. The incentive program has not been implemented for the hospital facility, and the inmates who are assigned there—plaintiffs here—do not receive the increases in pay which those inmates do who are assigned to facilities which *are* within the program. It is this

inequality of treatment of which plaintiffs complain.

Although not included in the current incentive pay program, the hospital facility is a "candidate" for a new proposed inmate pay system. Under this system rewards would be made, presumably on a monetary basis, through a "merit" program based on standards of quality and objectives, to those work areas that obtain and exceed expectations. As of now it is the opinion of the correctional officials that the wage incentive program is unsuitable to the hospital facility because the hospital does not generate a product which can quantitatively be increased by such a program.

Inmates have no choice as to whether they work or not (absent some medical reason for being unable to do so) or to which program or facility of the Department of Corrections they are assigned. Such an assignment is determined by correctional officials based on such criteria as the inmate's security status, his emotional and psychological evaluation, his job qualification, the length of time for which he will be confined, his intelligence, educational background and other sociological considerations. These same considerations are taken into account if an inmate desires to transfer from one work assignment to the other. An inmate dissatisfied with a decision on a requested transfer has a grievance procedure he may follow within the Department of Corrections for the review of such a decision.

Correctional officials generally agree that the morale and quality of work of the hospital employee/inmates would be improved if a pay incentive program were established for that facility.

\*   \*   \*   \*   \*   \*

■ The Court recognizes that the "hands off" policy of courts when dealing with internal prison administration has been relaxed greatly in recent years. *Johnson v. Avery*, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969); *Sewell v. Pegelow*, 291 F.2d 196 (4th Cir. 1961). Here, however,

the classification is based upon a valid state objective; and this is so even if the Court might feel there is a better way to go about it than the state has chosen. The pay differentials based on differences in work assignments are neither arbitrary nor capricious, and, therefore, as in the case of "gain time," are matters of prison administration—not to be disturbed. *Ham v. North Carolina*, 471 F.2d 406 (4th Cir. 1973). The circumstances of this case seem to fit the "state experimental classifications in a practical and troublesome area  . . .," which the Supreme Court did not want to inhibit where "the challenged distinction rationally furthers some legitimate, articulated state purpose." *McGinnis v. Royster*, 410 U.S. 263, 270, 93 S.Ct. 1055, 1059, 35 L.Ed.2d 282 (1973).

■ Assuming the validity of the distinction between revenue generating and non-revenue generating activities, the plaintiffs assert that the state has erroneously placed them into the latter category. While it is certainly arguable that the plaintiffs' work activities result in a "savings" to the state and that this "savings" is measurable, the state's decision that any increase in productivity cannot be measured with sufficient exactness to be included in the pay incentive program is clearly not arbitrary or capricious.

Accordingly the complaint is dismissed, and judgment entered in favor of the defendants.

It is so ordered.