**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JAMES BENJAMIN DAVIS, JR.,
Petitioner-Appellant,

v.                                                          No. 95-8577

FRANKLIN E. FREEMAN, JR.,
Respondent-Appellee.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, District Judge.
(CA-95-129-5-BO)

Submitted: April 30, 1996

Decided: May 24, 1996

Before MURNAGHAN, NIEMEYER, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James Benjamin Davis, Jr., Appellant Pro Se. Clarence Joe Del-
Forge, III, OFFICE OF THE ATTORNEY GENERAL OF NORTH
CAROLINA, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

James B. Davis appeals from the district court's order denying relief on his 28 U.S.C. § 2254 (1988) petition. We affirm.

Davis contends that he has been denied the application of gain time credits towards his parole eligibility date. A review of North Carolina's rules governing gain time credits reveals that the Department of Corrections is under no statutory obligation to apply these credits in such a manner. This Court will not disturb these state rules unless they are clearly arbitrary or capricious. Ham v. North Carolina, 471 F.2d 406, 407 (4th Cir. 1973).

Davis has attempted to demonstrate such capriciousness through an Equal Protection Clause claim. Davis explains that the DOC's present system treats inmates sentenced to pre-Fair Sentencing Act natural life terms differently than inmates sentenced to a term of years under the Fair Sentencing Act. Neither parole nor gain time credits are fundamental rights. Further, inmates serving life sentences are not a suspect class. Accordingly, we review any discriminatory treatment in the applicability of gain time between life and non-life inmates under the rational relation test. Kadrmas v. Dickinson Pub. Sch., 487 U.S. 450, 457-58 (1988). Not advancing the parole eligibility date of inmates serving life sentences through the application of gain time credits arguably serves a legitimate government penological interest in ensuring that inmates convicted of crimes warranting a life sentence serve a significant portion of their sentence. Accordingly, we find Davis' equal protection argument to be without merit.

Davis also makes a due process claim. We find that the broad discretion afforded states in the administration of such matters warrants dismissal of this claim as well. There being no other showing that the North Carolina rules governing gain time are arbitrary or capricious, we will not disturb those rules. We therefore affirm the district court's dismissal of Davis' petition. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2