## ELIJAH WRIGHT *v.* WARDEN, MARYLAND PENITENTIARY

[App. No. 176, September Term, 1970.]

*Decided April 28, 1971.*

Before MURPHY, C.J., and ANDERSON, MORTON, ORTH, THOMPSON, and POWERS, JJ.

*Joseph H. Thomas, Jr.,* for applicant.

*Francis B. Burch, Attorney General,* and *Howard L. Cardin, State's Attorney for Baltimore City,* for respondent.

PER CURIAM.

On December 18, 1964, Elijah Wright was arrested and charged with murder. He was taken into custody at that time and has remained incarcerated to the present time. Approximately two years after his arrest, Wright was tried and found guilty by a jury of murder in the second degree.[1] The trial judge sentenced him to eighteen years, the maximum then provided for murder in the second degree. The judge refused to give Wright credit on his sentence for the time he spent in pretrial custody.

By various proceedings and in different courts, Wright pressed his contention that he was entitled to credit on his sentence for time spent in pretrial custody. On December 20, 1967, we affirmed the trial court's denial of credit in an unreported opinion, *Wright v. State,* #40, September Term, 1967. On April 22, 1968, the Court of Appeals denied certiorari. On May 1, 1968, Wright filed a petition for a writ of habeas corpus in the Federal District Court. He claimed that unless he was given credit for the time he spent in pretrial custody he would be subjected to a sentence greater than the maximum allowed by Maryland law. His petition was denied on the ground that under Maryland law, *State v. Ewell,* 234 Md. 56, the sentencing judge was not required to give Wright credit for time spent in jail prior to sentence. The United States Court of Appeals for the Fourth Circuit reversed the District Court's judgment; it held that Wright's claim raised substantial constitutional questions under *North Carolina v. Pearce,* 395 U. S. 711, which had not been considered by the Maryland courts. *Wright v. Warden,* 429 F. 2d 1101. The court directed that on remand to the District Court, Wright was to be given ninety days to seek relief in the State courts under the Post Conviction Procedure Act; and that should he fail to do so, his petition was to be dismissed. Subsequently, Wright filed a peti-

---

1. Two reasons account for this delay. First, Wright elected to have his first indictment declared void under *Schowgurow v. State,* 240 Md. 121. Secondly, Wright's plea of "not guilty by reason of insanity" required protracted physical and mental examinations.

tion in the Criminal Court of Baltimore seeking post conviction relief. The petition was denied by Judge Shirley B. Jones on November 30, 1970. She held that any adjustment of the well settled Maryland law under *Ewell* and its progeny was a matter for the appellate courts. Wright forthwith filed the present application for leave to appeal.

In *Jones v. State*, 11 Md. App. 468, we considered the question whether it was error for the sentencing judge to deny a defendant credit for time spent in jail prior to trial against a statutory *maximum* sentence imposed upon him following his conviction. We concluded that *North Carolina v. Pearce, supra,* did not control the issue but that entirely apart from any constitutional question, the Maryland Legislature, in providing a statutory maximum sentence, intended such maximum sentence to be calculated by including time spent in jail prior to trial and sentencing. Our holding in *Jones* was "confined strictly to those cases where the maximum sentence is imposed." We think *Jones* requires that Wright be given credit against his maximum statutory sentence of eighteen years for time spent in jail pending trial, as claimed by him.

> *Application granted; case remanded for the correction of sentence in accordance with this opinion.*