## JERRY DENNIS *v.* WARDEN, MARYLAND HOUSE OF CORRECTION

[App. No. 1, September Term, 1971.]

*Decided July 30, 1971.*

---

Before MURPHY, C. J., and ORTH and THOMPSON, JJ.

MURPHY, C. J., delivered the opinion of the Court.

The applicant Jerry Dennis was found guilty by a jury in the Criminal Court of Baltimore on December 15, 1959 of murder in the first degree on which a sentence of life imprisonment was imposed, and of robbery on which he was given a concurrent sentence of ten years. On direct appeal, the judgments were affirmed. *Dennis v. Warden*, 6 Md. App. 295. On October 22, 1970 Dennis filed his third petition under the Post Conviction Procedure Act, alleging that the court erred in not giving him credit against his life sentence for time spent in jail prior to trial. The court below found no merit in the contention, nor do we.

We held in *Wright v. Warden*, 11 Md. App. 673, and *Jones v. State*, 11 Md. App. 468, that in those instances where the Legislature provided, and the court imposed a statutory maximum sentence for a criminal offense, it was the legislative intention that such maximum sentence be calculated by including time spent in jail prior to trial and sentencing. We found that the question was not one of constitutional dimension, either federal or State, but rather was one of statutory construction. In view of Dennis's life sentence, neither *Wright* nor *Jones* would have any application to his case.

Although not clear from his petition, we assume that the real purpose behind Dennis's claim is to obtain credit for his presentence jail time so as to accelerate the date upon which he would become eligible for parole consideration. Maryland Code, Article 41, Section 122(b), provides:

"No person who has been sentenced to life imprisonment shall be eligible for parole consideration until he shall have served in confinement fifteen years. * * *"

We hold that the fifteen year parole eligibility period is to be measured from the date the life sentence was imposed. We find no other construction plausible since the phrase in Section 122(b) "served in confinement" is referable solely to such time served in confinement following conviction and sentence by the court. Two opinions of the Attorney General have also so held. See Volumes 39 and 48 of the Opinions of the Attorney General, at pages 244 and 341, respectively. Whether, for purposes of parole consideration, a person should be given credit for time served in jail prior to being sentenced to life imprisonment is not a matter of State or federal constitutional law; there is no constitutional right to be paroled, and we see no equal protection denial in a statute which requires persons sentenced to life imprisonment to serve fifteen years of that sentence before becoming eligible for parole, regardless of the amount of time served in jail prior to trial.[1]

Dennis also claims in his petition that the life sentence imposed upon him was beyond the maximum authorized for the crimes which he committed. The court below found the contention frivolous, and we agree. See Article 27, Section 413.

Dennis also advances the somewhat novel contention that he was deprived of due process of law because he and his three codefendants were each tried separately.

---

1. See chapter 690 of The Acts of 1971.

The lower court found that the severance was a matter of trial tactics, and, as such, not a ground for relief under the Post Conviction Procedure Act. We agree. Moreover, we see no due process or other constitutional violation in Dennis's case by reason of the fact that he was given a separate trial. See *Dennis v. Warden, supra.*

*Application denied.*