Robert Morgan, N. C. Atty. Gen., and Jacob L. Safron, Asst. Atty. Gen., Raleigh, N. C., for respondents.

**Bennie L. MOTT, Petitioner,**

v.

**Lonnie F. DAIL and the State of North Carolina, Respondents.**

**Civ. No. 2729.**

United States District Court,
E. D. North Carolina,
Raleigh Division.

Jan. 26, 1972.

ORDER

BUTLER, Chief Judge.

Petitioner, a state prisoner, filed in forma pauperis an application for a writ of habeas corpus. Petitioner was convicted upon his plea of guilty to the charge of involuntary manslaughter at the June 26, 1970, Session of Cumberland County Superior Court, and received a sentence of not less than four nor more than five years.

His sole contention in this court is that he is entitled to credit on his sentence for time spent in custody prior to trial.

Petitioner has not presented his claim to the state courts, but it is clear from the recent North Carolina decisions in State v. Virgil, 276 N.C. 217,

172 S.E.2d 28 (1970), and State v. Walker, 7 N.C.App. 548, 172 S.E.2d 881 (1970) that current North Carolina case law makes state proceedings ineffective. Therefore, petitioner will not be required to pursue his claim in the state courts.

The decision in this case is governed by the rationale in Cole v. North Carolina, 419 F.2d 127 (4th Cir. 1969). In that case Cole sought credit for time spent in custody *pending appeal*. Under the provisions of North Carolina General Statute § 15–186.1 a person tried after ratification of the statute is entitled to credit for time spent in custody pending appeal. Cole was tried prior to the enactment of the statute. However, the State of North Carolina conceded and the Fourth Circuit Court of Appeals held that when the statute was made prospective only an unlawful discrimination arose against persons tried prior to the ratification of the statute. The court ordered that credit be given.

■ The situation in the instant case is analogous to *Cole*. North Carolina General Statute § 15–176.2, ratified July 19, 1971, allows credit for time spent in custody *prior to trial*. The statute applies only to cases tried after the date of ratification. Petitioner was tried prior to enactment of the statute. Applying the reasoning underlying *Cole*, it is clear that petitioner is being subjected to an invidious discrimination and that he is entitled to credit for all time spent in custody prior to trial. See, Withers v. North Carolina, No. 71–1111 (4th Cir. Oct. 20, 1971). Now, therefore,

It is ordered that petitioner be given full credit for time spent in custody before commitment and that the State of North Carolina file in the office of the Clerk of this court in Raleigh, North Carolina, within 30 days from date of service of this order, a statement certifying whether or not said State has provided petitioner with credit on his sentence in accordance with this order, and the State shall serve a copy of said statement by mail upon the petitioner.