James Edward STEELE, Petitioner,

v.

STATE OF NORTH CAROLINA et al., Captain R. C. Forester, Respondents.

Civ. No. C-C-72-37.

United States District Court, W. D. North Carolina, Charlotte Division.

July 28, 1972.

Order Aug. 23, 1972.

Richard N. League, Asst. Atty. Gen., Raleigh, N. C., for respondents.

---

## ORDER

McMILLAN, District Judge.

In July, 1970, in Mecklenburg County, North Carolina, Superior Court, petitioner James E. Steele was tried and found guilty on one count of possession of heroin and on a second count of possession of a syringe, and was sentenced to concurrent terms of imprisonment of three to five years on the two counts. He is now serving those sentences at the Statesville unit of the North Carolina Department of Correction.

Steele seeks credit against his sentences for about four months served prior to trial and for about three months when he was an escapee from the custody of the Department of Correction. He has not exhausted state remedies.

■■ Exhaustion of the claim for credit for time spent on escape will not be required because this claim is obviously without merit and will therefore be denied and dismissed on its merits. See Alexander v. Bostic, No. C–C–72–58 (W.D.N.C., Charlotte Division, 1972) (certificate of probable cause to appeal denied, No. 72–1370, 4th Cir., 1972).

Nor will exhaustion of state remedies be required with respect to the claim for credit for pre-trial custody, because, as the state says in its answer, the possibility of relief in the state courts on this ground is foreclosed. See State v. Virgil, 276 N.C. 217, 172 S.E.2d 28 (1970); Pinyatello v. North Carolina, N.C.App., 189 S.E.2d 574 (1972); and Perry v. Blackledge, 453 F.2d 856 (4th Cir. 1971). [North Carolina General Statutes § 15–176.2, allowing credit for pretrial custody, did not become effective until *July 19*, 1971, and is not retroactive.]

■■ Denial of credit for pre-trial custody necessitated by financial inability to make bail is discrimination based on financial status. See Culp v. Bounds, 325 F.Supp. 416 (W.D.N.C.1971). The state has an interest of course in requiring bail, but refusing credit for time spent in jail because of inability to make bail is unrelated to any legitimate purpose of the bail requirement. Such refusal serves no compelling governmental interest and lacks even a rational basis. Therefore, confinement without credit for time spent in jail before trial unable to make bail violates the equal protection clause of the Fourteenth Amendment; the issue of entitlement to such credit is appropriately before this court in a petition for writ of habeas corpus.

■ In Withers v. North Carolina, 328 F.Supp. 1152 (W.D.N.C.1971) and Hill v. Ross, No. 2971 (W.D.N.C.1972), this court indulged a presumption that the sentencing judge gave credit for pre-trial custody when the total length of pre-trial custody and the sentence imposed did not exceed the maximum possible sentence for the particular offense. The adoption of G.S. § 15–176.2 by the North Carolina General Assembly, requiring courts (prospectively) to give credit for all time spent in custody before trial, obviously shows that the lawmakers of North Carolina do not indulge such a presumption. That legislation, which is not retroactive, does not help Steele, but it tends to shake the factual foundation for the presumption. This court's own experience in such cases leaves doubt that in fact trial judges have with any consistency taken pre-trial custody into account in their sen-

tences. It may also be that denying credit for those convicted before the effective date of the statute while allowing such credit for those convicted after the effective date of the statute is unconstitutionally discriminatory. See Cole v. North Carolina, 419 F.2d 127 (4th Cir. 1969), and Mott v. Dail, 337 F.Supp. 731 (E.D.N.C., Raleigh Division, 1972) (awaiting decision by the Fourth Circuit Court of Appeals). It no longer appears justifiable to indulge the former presumption.

Even if the presumption continued to be valid, it ought not to control this case. On each of the two convictions Steele was given an indeterminate "three to five-year" sentence. The state court thus placed within the discretion of the prison authorities the power to keep the prisoner confined on each sentence for the maximum length of time possible under the statute, *plus* the four months he spent in jail awaiting trial. That the judge *might* have made the two sentences run consecutively instead of concurrently appears to be no basis for presuming that the judge gave credit for the pre-trial incarceration when he imposed the two individual sentences he did impose.

Nothing in the record shows that credit for pre-trial custody was given, or that the trial judge was even aware that Steele had been in jail before his trial.

It is therefore ordered:

1. That the escape credit claim is denied.

2. That the parties have thirty days from the date this order is filed to submit such evidence as they see fit on whether in fact the trial judge gave Steele credit for the time he spent in jail before his trial.

A final order will be entered after the passage of thirty days or after the court has considered the evidence submitted by the parties.

## ORDER

The defendants have filed answer indicating that they have no evidence to submit on the question whether petitioner was in fact given credit on his sentences for the time he spent in jail awaiting trial.

The allegation in the petition that credit was not given is unrebutted and the court finds that petitioner in fact did not receive credit. The defendants are therefore directed to give petitioner credit for the pre-trial incarceration discussed in the court's previous opinion.

The credit shall be computed as though petitioner had begun serving his sentence on the first day he was incarcerated and shall be credited at the front end of sentence, rather than being reserved for credit against the last part of the sentence; that is, the prisoner's time served as of now shall be computed by treating as his first time served the time spent in jail awaiting trial, and this time shall be fully counted for all purposes, including good time, gain time, parole, visitations, work release and all other privileges, emoluments, advantages or benefits, whether or not named or thought of herein. See Wilson v. North Carolina, 438 F.2d 284 (4th Cir. 1971).

The Attorney General is requested, when he notifies the court of compliance with this order, to indicate the exact period for which credit was given, i. e. from date to date, and the specific effect the method of computation ordered herein has on petitioner's total sentence, on his credit for good time, on his eligibility for parole, work release, and any other benefits.