Donald C. MOHR, et al., Petitioners,

v.

James JORDAN, Commissioner, Division of Correction, et al., Respondents.

Civ. No. 73-370-H.

United States District Court,
D. Maryland.

Feb. 18, 1974.

Charles F. Morgan, Michael S. Elder, and Luther G. Blackiston, Legal Air Bureau, Inc., Baltimore Md., and Stanley Bass, N. Y., N. Y. for petitioners.

Francis B. Burch, Atty. Gen., and James G. Klair, Asst. Atty. Gen., Baltimore, Md., for respondents.

HARVEY, District Judge:

In this habeas corpus case, certain present or former state prisoners seek credit against their sentences for time spent in jail awaiting trial and other related relief. Four of the petitioners are presently confined in state institutions serving sentences imposed by various state judges, and the fifth petitioner was formerly a state prisoner but is now on parole.

This suit was initially filed under the Civil Rights Act, 42 U.S.C. § 1983. Originally named as defendants were the Commissioner of the State Division of Correction, the Secretary of the State Department of Public Safety and Correctional Services, the Acting Chairman of the Maryland Board of Parole and four state trial judges. After this action was instituted, the Supreme Court decided Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), which held that the sole remedy of a state prisoner challenging the fact or duration of his physical imprisonment is by way of an application for a writ of habeas corpus. As petitioners in this case are seeking a determination which would shorten the length of their confinement in state custody, it was agreed between the parties that this suit should be treated as an application for habeas corpus relief, and the action was dismissed as to the state judges originally named as respondents.[1]

In their prayer for relief, petitioners have asked this Court to render a declaratory judgment pursuant to 28 U.S.C. § 2201, declaring unconstitutional the Maryland practice of leaving to the discretion of the sentencing judge the granting of credit for periods of pre-trial incarceration and further declaring unconstitutional certain state statutes to the extent that they deny petitioners credit for pre-trial incarceration in the determination of a prisoner's parole eligibility and in the awarding of good time credits. Specifically, petitioners are here attacking the constitutionality of the following state practices or statutes: (1) the custom and practice in the criminal courts of Maryland which permit the sentencing judge to determine whether or not to award credit against a defendant's sentence for time spent in jail awaiting trial; (2) § 122(a) and (b) of Article 41 of the Annotated Code of Maryland insofar as these subsections do not give petitioners credit towards their eligibility for parole for periods of their pre-trial incarceration;[2] and (3) § 700(b) of Article 27 of the Annotated Code of Maryland insofar as it denies petitioners good time credits during periods of their pre-trial incarceration.

Presently before the Court are cross-motions for summary judgment. Various affidavits have been filed in support of these motions, and other essential facts have been agreed to by way of stipulation. Petitioners also filed a

---

1. Petitioners likewise initially sought the convening of a three-judge court. This request was likewise withdrawn, and the parties have agreed that the issues presented in this case may properly be determined by one judge.

2. These second and third points have been listed in an order different from that contained in the briefs.

motion for certification of this suit as a class action, pursuant to Rule 23, F.R. Civ.P. At the hearing held on the pending motions, petitioners withdrew their class action motion, and the case has proceeded with only the claims of the five individual petitioners at issue.[3]

The facts as to the individual petitioners are essentially similar. Each of them is serving or has served sentences which commenced on the date that sentence was imposed and not on the date that the individual petitioner was committed to jail awaiting trial. Each of them has not been granted good conduct credit for time spent in jail awaiting trial, and the period for parole eligibility of each has been or is being computed from the date of sentence and not from the date of his commitment to jail.

Petitioner Mohr is presently incarcerated in the Maryland Correctional Institution in Hagerstown, Maryland. He was arrested on November 27, 1964 on murder and other charges and was held without bail from November 27, 1964 until October 4, 1966 (a period in excess of 22 months). When he pled guilty to the murder charge before Judge Raine in the Circuit Court for Baltimore County, he was sentenced to life imprisonment dating from October 4, 1966.

Petitioner Sellers is confined in the Maryland House of Correction. Because he was indigent and unable to make bail when arrested on April 13, 1972 on a charge of forgery, he remained incarcerated until August 10, 1972 (approximately four months), when he pled guilty in the Circuit Court for Baltimore County. Sellers was sentenced by Judge Procter to a 2-year term of imprisonment beginning on August 10, 1972.

Petitioner Royster is presently incarcerated in the Maryland Correctional Camp System at Quantico, Maryland. He was arrested on September 12, 1971 on a robbery charge and was confined in Baltimore City Jail from September 13, 1971 until March 16, 1972 (approximately six months), because he was indigent and unable to make bail. On the latter date, he appeared in the Criminal Court of Baltimore City for trial and was found guilty of armed robbery. He was thereupon sentenced to a term of imprisonment of three years, commencing March 16, 1972.

Petitioner Smith is presently confined in the Maryland House of Correction. He was arrested on March 6, 1972 on charges of robbery with a deadly weapon and false pretenses. Because he was indigent and unable to make bail, Smith remained incarcerated in the Baltimore City Jail from March 7, 1972 until November 2, 1972 (approximately eight months), when he pled guilty to robbery and was sentenced by Judge Jones to a prison term of eight years, commencing November 2, 1972.

Petitioner Sessoms is presently on parole, after having served a part of a term of imprisonment in a state institution. He was arrested on December 27, 1966 on charges of breaking and entering and grand larceny. Because he was indigent, he could not make bail and remained incarcerated until his trial on May 3, 1967 (approximately four months). On the latter date, he was convicted of storehouse breaking in the Circuit Court for Dorchester County and was sentenced by Judge Mace to a term of imprisonment of eight years. His term of parole is due to expire on May 3, 1975.

---

3. Inasmuch as this is a case in which declaratory relief is sought because of the alleged unconstitutionality of state statutes and practices, relief which is applicable statewide can in any event be granted without the necessity of designating this as a class action. No useful purpose thus would be served by permitting the case to proceed as a class action. See Ihrke v. Northern States Power Co., 459 F.2d 566, 572 (8th Cir. 1972); Manual for Complex Litigation (1973 Ed.), § 1.401. Serious questions also arise concerning whether the plaintiffs' claims are typical of the claims of other purported members of the class, as required by Rule 23(a)(3).

## I

■■ Basic to the right of a state prisoner to seek habeas corpus relief in the federal court is the requirement that he shall have first exhausted his available state remedies. 28 U.S.C. § 2254(b); Preiser v. Rodriguez, *supra*. It is settled, however, that a petitioner is not required to exhaust state remedies where the constitutional point being raised has been decided adversely to his contention by the state appellate court. Hayes v. Boslow, 336 F.2d 31 (4th Cir. 1964), cert. den. 386 U.S. 1039, 87 S.Ct. 1496, 18 L.Ed.2d 607 (1967); Benton v. Copinger, 291 F.Supp. 141 (D.Md.1968). In this case, the State concedes that these petitioners need not exhaust their state remedies with reference to their claim that they are entitled to credit for time spent in custody awaiting trial, inasmuch as the Court of Special Appeals of Maryland has decided this point adversely to petitioners' contentions.[4] The Maryland courts have ruled that in a case where the maximum statutory sentence was imposed, a defendant is entitled to credit for confinement prior to trial because of a legislative intention that such maximum sentence be calculated by including time spent in jail before trial. Jones v. Maryland, 11 Md.App. 468, 275 A.2d 508 (1971); Wright v. Maryland, 11 Md.App. 673, 276 A.2d 411 (1971). However, the Maryland courts have further consistently ruled that a defendant is not entitled to such credit in other cases because the question is not one of constitutional dimension, either federal or state. Dennis v. Warden, 12 Md.App. 512, 513, 280 A.2d 53 (1971); Wright v. Warden, *supra*, 11 Md.App. at 675, 276 A.2d 411; Craig v. Warden, No. 39, Sept. Term, 1972 (June 26, 1972).

Although basing their claim for relief here on various provisions of the federal Constitution, the most substantial argument pressed by petitioners in this case is that the Maryland practice under attack is an invidious discrimination against the poor in violation of the equal protection clause of the Fourteenth Amendment. It is contended that those who are free on bail in effect receive credit for the period of time before their trials, whereas prisoners like petitioners who cannot make bail do not receive such credit under Maryland law.

In response, the State argues that pre-trial detention in lieu of bail is in no way punitive but is designed solely to assure the appearance at trial of a defendant who cannot make bail. See 18 U.S.C. § 3146; United States v. Erwing, 268 F.Supp. 879 (N.D.Cal.1967). The State asserts that if the Fourteenth Amendment requires the crediting of time spent in jail before trial against sentences of indigent persons who cannot make bail, then it would likewise prohibit the generally accepted practice in both state and federal courts of confining before trial those indigents who cannot make bail but releasing more affluent defendants who can.

■ Although there is some force to the position taken by the State, this Court concludes that the issue presented by the first claim has been conclusively determined by the United States Court of Appeals for the Fourth Circuit in favor of petitioners. Ham v. State of North Carolina, 471 F.2d 406 (4th Cir. 1973), and subsequent rulings of the Fourth Circuit have established that a state prisoner is constitutionally entitled to credit against his sentence for time spent in jail awaiting trial.

In *Ham,* a North Carolina prisoner sought habeas corpus relief in federal court, claiming, *inter alia*, credit for pre-sentence confinement. The District Court dismissed the prisoner's petition, and some months later the State legislature provided by statute for credit for pre-sentence jail time in all cases tried subsequent to the effective date of the Act. By its terms, such enactment afforded petitioner no relief as his trial

---

4. With reference to petitioners' second and third points, the State does contend that petitioners have not exhausted state remedies. Such questions are treated hereinafter.

occurred long before its effective date. The Fourth Circuit remanded the case, with instructions to the District Court that petitioner be given credit for his pre-sentence confinement. The Court first ruled that the attempt to limit the statute to a prospective application was palpably unconstitutional, citing Mott v. Dail, 337 F.Supp. 731 (E.D.N.C.1972) and Cole v. North Carolina, 419 F.2d 127 (4th Cir. 1965).

As an alternate ground for its decision, the Court said this (471 F.2d at page 408):

"Moreover, it is to be assumed that petitioner was at the time of his arrest without the means to provide bail, if allowed in a reasonable amount. This indigency, it is true, is not defintely shown in the record, but his petition in this court is supported by an oath of indigency, and it may be presumed he was similarly circumstanced when arrested. Given this, for the reasons so well stated by the district court in a similar case decided a few months after the petitioner's, the petitioner is entitled to credit for his pre-sentence confinement. Culp v. Bounds, 325 F.Supp. 416 (W.D.N.C. 1971). See also, Parker v. Bounds, 329 F.Supp. 1400 (E.D.N.C.1971); Workman v. Cardwell, 338 F.Supp. 893 (N.D.Ohio, 1972). The case is accordingly remanded with instruction to the district court that petitioner be given credit for his pre-sentence confinement."

The Culp case involved a claim for relief based on the failure of North Carolina to give the prisoner credit for time served before trial where petitioner had received a maximum sentence. Judge McMillan ruled that the failure to give such credit violated the federal Constitution in two ways, first because it constituted multiple punishment for a single offense, thereby offending the double jeopardy clause of the Fifth Amendment, and secondly because it was an invidious discrimination against the poor in violation of the equal protection clause of the Fourteenth Amendment.

(325 F.Supp. at 419). In adopting in Ham the reasons stated by Judge McMillan in support of his decision in Culp, the Fourth Circuit applied in a case not involving a maximum sentence the principle that the denial of such credit would amount to an unconstitutional discrimination against the poor in violation of the equal protection clause. In support of his conclusion in Culp, Judge McMillan said the following (325 F.Supp. at page 419):

"Alternatively, the state's refusal to give Culp credit for pre-trial detention is an unconstitutional discrimination on the basis of wealth prohibited by the Fourteenth Amendment. As outlined above, wealthy defendants (except where no bail is allowed) are able to remain out of prison until conviction and sentencing; the poor stay behind bars. While such a situation may often be compelled by the present (especially state) bail procedures, it should not be compounded by refusal to credit prisoners in Culp's situation with time incarcerated prior to trial and commitment. Such a distinction, which, in effect, provides for differing treatment on the basis of wealth, is unconstitutional absent some 'compelling governmental interest'. See, McDonald v. Board of Election Commissioners of Chicago, 394 U.S. 802, 89 S.Ct. 1404, 22 L.Ed.2d 739 (1969)."

The State here argues that Ham is distinguishable on its facts. It is contended that the real basis for the Ham decision was the finding that the North Carolina statute was unconstitutional if only prospective in its application and that the portion of the Ham opinion quoted hereinabove is no more than dictum.

But any doubt concerning the applicability of Ham to a case such as this one has been removed by decisions of the Fourth Circuit rendered since the Ham ruling. In three different Memorandum Decisions, the Fourth Circuit has held that Ham v. North Carolina, supra, requires the granting of credit for time

spent in jail awaiting trial against the sentence ultimately imposed. Meadows v. Coiner, 475 F.2d 1400 (4th Cir., 1973); Steele v. State of North Carolina, 475 F.2d 1401 (4th Cir., 1973); Sypolt v. Coiner, Memorandum Decision No. 73–1339 (4th Cir. June 27, 1973).

In citing these three Memorandum Decisions, this Court is aware that in Jones v. Superintendent, Virginia State Farm, 465 F.2d 1091, 1094 (4th Cir. 1972), the Fourth Circuit indicated that memorandum decisions ordinarily should not be treated as precedent within the meaning of the rule of *stare decisis*. But see Herndon v. Superintendent, Virginia State Farm, 351 F.Supp. 1356, 1358 (E.D.Va.1972). However, here there are three separate Memorandum Decisions in three different cases, and each of the seven active Judges of the Fourth Circuit has participated in one or more of these decisions, all flatly holding that *Ham* requires the crediting of time spent in jail awaiting trial against a sentence subsequently imposed. Accordingly, this Court concludes that the law is established in this Circuit that a prisoner is constitutionally entitled to credit against his sentence for time spent in jail awaiting trial. Petitioners are thus entitled to the relief sought under their first claim.

## II

Although conceding that petitioners are not required to exhaust available state remedies as to their first claim, the State argues that petitioners should indeed be required to exhaust as to their second and third claims. As significantly different considerations apply as to each of the two statutes here involved, it is necessary to examine them separately.

Section 122 of Article 41 of the Maryland Code provides in pertinent part as follows:

"(a) It shall be the duty of the Board of its own initiative to request the Division to make such investigation as may enable the Board to determine the advisability of granting parole to persons sentenced under the laws of this State to the jurisdiction of the Department of Correction, or to any other place of confinement or detention of violaters of the criminal laws of the State whenever such prisoner shall have served in confinement one fourth of such term or consecutive terms.

"(b) No person who has been sentenced to life imprisonment shall be eligible for parole consideration until he shall have served in confinement fifteen years or the equal of fifteen years when considering the allowances for diminution of period of confinement provided for in Article 27, § 700, of the Annotated Code of Maryland. Prisoners serving terms of life imprisonment shall only be paroled with the approval of the Governor."

Petitioners contend that such statute has been unconstitutionally applied to them insofar as the Parole Board has denied them credit against parole eligibility for the periods of their pre-trial incarceration. Petitioners contend that it would be futile to require them to apply to the state courts for a ruling on this issue and that therefore this Court should undertake to decide the question presented in this case.

In Dennis v. Warden, *supra*, the Court of Special Appeals considered § 122(b) of Article 41 and said the following (12 Md.App. at 514, 280 A.2d at 54–55):

"We hold that the fifteen year parole eligiblility period is to be measured from the date the life sentence was imposed. We find no other construction plausible since the phrase in section 122(b) 'served in confinement' is referable solely to such time served in confinement following conviction and sentence by the court."

The Court went on to observe that whether for purposes of parole consideration a person should be given credit for time served in jail prior to being sentenced to life imprisonment is not a matter of state or federal constitutional law.

■ The doctrine of exhaustion of state remedies does not require the doing of a futile act, and if it is obvious that the state courts will afford no relief, a petitioner is not obligated to go through a needless state court proceeding. Ham v. State of North Carolina, *supra*, 471 F.2d at 407; Evans v. Cunningham, 335 F.2d 491, 493 (4th Cir. 1964). In view of the decisions of the Court of Special Appeals of Maryland in Jones v. Maryland, *supra*, Wright v. Maryland, *supra* and Dennis v. Warden, *supra*, this Court concludes that the Maryland courts would deny petitioners the relief they are seeking with reference to § 122 of Article 41 of ·the Maryland Code. As it would be futile for petitioners to seek relief in the state courts as to this claim, this Court will undertake to consider such claim on its merits without requiring the exhaustion of state remedies.

■ Petitioners' second claim seeks the same sort of credit for parole purposes as this Court has found petitioners entitled to for purposes of computing the length of their sentences. In view of the language of the statute involved, this Court's conclusion that petitioners are entitled to credit against their sentences for time spent in jail awaiting trial necessarily entitles them to the same credit insofar as their eligibility for parole is concerned. A similar result was reached by the Fourth Circuit in Wilson v. North Carolina, 438 F.2d 284, 286 (4th Cir. 1971), where the Court held that once it was determined that a prisoner was entitled to sentence credit, such credit must likewise be given for purposes of parole eligibility.

Section 122(a) makes a prisoner eligible for parole consideration when such prisoner shall have served "in confinement" one-fourth of the term of his sentence. Section 122(b) applies solely to a person sentenced to life imprisonment and provides that such a prisoner shall be eligible for parole consideration after he has served "in confinement" 15 years or the equal of 15 years when considering the allowances for dimunition of his period of confinement provided for in § 700 of Article 27 of the Maryland Code. If a prisoner is entitled to credit against his sentence for time spent in jail before trial, as this Court has here held, necessarily the time he will have served "in confinement" must include this additional period of pretrial incarceration credited to him. Thus, under Ham v. State of North Carolina, *supra*, the time a prisoner serves "in confinement", as that term is used in both Subsections (a) and (b) of § 122, must include pre-sentencing time as well as post-sentencing time. Accordingly, petitioners are entitled to the relief they seek under their second claim.

The State's reliance on McGinnis v. Royster, 410 U.S. 263, 93 S.Ct. 1055, 35 L.Ed.2d 282 (1973), is misplaced. The Supreme Court there upheld as constitutional a New York statute which denied prisoners good time credit for pre-trial confinement because such prisoners were confined in county jails which served primarily as detention centers. The petitioners in that case claimed that such periods of pre-trial confinement should be credited against the time that they would be eligible for parole. However, there is no statute or practice in the State of Maryland permitting credit for pre-trial custody time against a sentence but denying such credit for purposes of parole eligibility. The Maryland practice, as upheld by the State courts, has been to deny such credit for both purposes. Thus, the rationality of the distinction made by the New York legislature and upheld by the Supreme Court is not before this Court in the present case, since Maryland has never made such a distinction and the State has furnished no facts in this case to support same.

### III

Petitioners' final claim is somewhat different from their other two. The statute under attack is § 700(b) of Article 27 of the Maryland Code (1973 Cum. Supp.). Pertinent provisions of § 700 are as follows:

"(a) Subject to the provisions of § 127A of Article 41 of the Annotated

Code of Maryland, each prisoner in any of said institutions is entitled to a diminution of the period of his confinement under the following rules and regulations:

"(b) For each calendar month commencing on the first day of the month next after his arrival at the institution, during which he is not guilty of a violation of the discipline or any of the rules thereof and labors with diligence and fidelity when the opportunity for labor is made available, he shall be allowed a deduction of five days from each month of the period of the commitment or sentence."

In their complaint filed herein on April 18, 1973, petitioners contended that § 700(b) is unconstiutional insofar as it denies petitioners good time credits during the periods of their pre-trial incarceration. After this action was instituted, the Maryland Legislature enacted a statute granting pre-trial detainees good time and industrial credits.[5] Section 704A of Article 27, which became effective July 1, 1973, permits credits such as those claimed by petitioners both for prisoners who have been sentenced and for those who are "held in a pre-trial or pre-sentence status in any county, town or city jail * * *".

Whether or not this new statute was intended by the Legislature to be only prospective in its application has not yet been determined by the Maryland courts. Furthermore, no Maryland court has considered the further question whether, assuming a legislative intention that § 704A grants good time credits only to inmates held in a pre-trial status after the effective date of the Act, such prospective application of the statute would be unconstitutional. Nor have any of the petitioners presented to a State court facts indicating that their behavior during their pre-trial confinement would entitle them to the good time credits claimed.

Citing Ham v. State of North Carolina, *supra* and Cole v. North Carolina, *supra*, petitioners argue that it would be futile to require them to present to the state courts these questions as to the interpretation of the new statute, as to its constitutionality if applied prospectively, and as to their actual entitlement to the credits claimed. But in the *Ham* case, the North Carolina statute in question by its terms provided that the credit granted would apply only to trials commenced after the effective date of the Act. The Maryland statute does not so clearly indicate the intention of the Legislature in this regard. Furthermore, granting the petitioner the relief he sought in *Ham* would have meant his almost immediate release, while no such circumstances appear in this case. One of the petitioners has already been released on parole. As to the others, the record in this case does not show even that they have earned good time credits during their pre-trial confinements much less that the granting of same would result in their immediate release.[6]

In Wright v. Maryland Penitentiary, 429 F.2d 1101 (4th Cir. 1970), the Fourth Circuit recognized that Maryland's court decisions clearly show a willingness to adjust State law to conform with contemporary constitutional decisions. After referring to several Maryland and Federal decisions, the Fourth Circuit said the following (at page 1106):

"Decisions such as these demonstrate that Maryland is sensitive to the constitutional rights of state prisoners. Thus, we perceive no valid reason why we should not defer to our sister courts whose primary responsibility it is to implement the Constitution with respect to state prisoners."

---

5. The bill in question was Chapter 605 of the Laws of 1973.

6. In their prayer for relief, petitioners, *inter alia*, seek the actual crediting of good time and have asked this Court to order the Maryland Division of Correction to correct their records to reflect such credit.

The Court thereupon remanded the *Wright* case to the District Court, with instructions to enter an Order affording the petitioner time to seek state post-conviction relief. The same approach was taken by the Fourth Circuit in James v. Copinger, 428 F.2d 235 (4th Cir. 1970).

More recently in Preiser v. Rodriguez, *supra*, the Supreme Court observed that the question of the granting or cancelling of good time credits for prisoners was an internal problem of state prisons peculiarly within state authority and expertise. At page 492 of its Opinion, 93 S.Ct. at page 1837, 1838, the Supreme Court said:

> "The strong considerations of comity that require giving a state court system that has convicted a defendant the first opportunity to correct its own errors thus also require giving the States the first opportunity to correct the errors made in the internal administration of their prisons."

Insofar as petitioners' first point is concerned, the State has conceded that the Maryland courts have ruled on the question involved. As to their second point, this Court has found that the Maryland decisions make it quite clear that such constitutional claim would be rejected. But the same cannot be said as to petitioners' claim for good time credits. Because of the new Maryland statute, the constitutional question presented is significantly different from the one which controls this Court's decision in the first and second sections of this Opinion. Not only are there no Maryland appellate decisions ruling on the constitutional point presented here but also the new Maryland statute which could conceivably afford petitioners the relief they seek has not yet been construed by the State courts.

This Court does not find that it would be futile for petitioners to present their constitutional claim for good time credits to the Maryland state courts. For these reasons, petitioners should exhaust their state remedies as to their third point before seeking relief in this Court on that claim.

IV

Counsel should prepare and present to the Court an Order granting the relief sought as to petitioners' first and second claims and requiring exhaustion of state remedies as to petitioners' third claim.[7]

---

7. Petitioner Mohr was denied bail before trial because he was charged with a capital offense. Although his claim for relief is therefore based on facts different from those of the other four petitioners, it would offend generally accepted principles of equal protection were this Court to grant credit for time spent in jail awaiting trial to all sentenced prisoners in the State except those sentenced for the commission of a capital offense. As no rational basis for making such a distinction has been suggested by the State, see Kelly v. Schoonfield, 285 F.Supp. 732, 736–737 (D.Md.1968), the Order to be hereinafter entered should grant declaratory and other relief to petitioner Mohr as well as to the other petitioners, consistent with the views expressed in this Opinion.